OPINION OF THE COURT
Edward J. Amann, Jr., J.
The claimant in the present motion, seeks to amend a judgment of this court entered on October 17, 1978. The claimant argues that the postdecision interest should run *401 from July 13, 1976, the date upon which liability was established; rather than October 10, 1978, the date when the assessment of his damages was made.[1] The claimant also seeks, inter alia, to correct other erroneous computations of interest. The decision computed prejudgment interest from June 12, 1968, the date of the accident, to October 17, 1978, the date of the entry of judgment. The claimant argues that interest due as of the determination of liability, July 12, 1976, should have been "capitalized” and added to the property damage award and then interest on the total amount of the sum added together should have been computed from July 12, 1976 to October 17, 1978. The claimant also notes that the court made an error in suspending interest between December 12, 1968 and December 31, 1968.[2]
The State opposes the motion and maintains that on the personal injury portion of the claim, the claimant is entitled to interest only from the final assessment of damages, October 10, 1978. The State’s reply affirmation avers that there were no delays in the appellate process, and that any delay in the scheduling of the damage portion of the claim was attributable to the claimant.
The claimant in his reply affirmation sets forth documentary evidence to bolster his charges of delays. These documents are attacked by the State’s attorney in his letter of November 20, 1978.
In arguing that the claimant is entitled to interest from the date of the determination of liability, the claimant sets forth two cases to substantiate his position. The first case, Trimboli v Scarpaci Funeral Home (37 AD2d 386, affd 30 NY2d 687), permitted the computation of interest to run from the date of an interlocutory judgment, which established liability on the part of the defendant. The case is distinguishable from the present matter in that the defendant in Trimboli not only appealed the interlocutory judgment, but obtained a stay of the assessment of the plaintiffs damages. The obtaining of the stay formed the sole basis for the court’s granting prejudgment interest from the date of the interlocutory judgment. As the court pointed out: "[H]ere the defendants’ action in obtaining a stay — a choice which they must have believed *402 appeared to their advantage — resulted in a delay of nearly a year and a substantial prejudice to the plaintiffs.” (Trimboli, 37 AD2d 386, 388, supra.) Here no stay was ever sought or obtained by the State.
The claimant alleges that an automatic stay was in force as a result of the provisions of CPLR 5519 (subd [a], par 1). That section provides in pertinent part:
"Stay of enforcement, (a) Stay without court order. Service upon the adverse party of a notice of appeal or an affidavit of intention to move for permission to appeal stays all proceedings to enforce the judgment or order appealed from pending the appeal or determination on the motion for permission to appeal where:
"1. the appellant or moving party is the state or any political subdivision of the state or any officer or agency of the state or of any political subdivision of the state”.
It is clear from the language of the statute that the stay merely prevents enforcement of the judgment, and not an assessment of damages. This interpretation is reinforced by the remainder of the section and especially subdivision (f) which provides that: "A stay of enforcement shall not prevent the court of original instance from proceeding in any matter not affected by the judgment or order appealed from”. (CPLR 5519, subd [f].) Courts have permitted a number of proceedings below to continue despite a stay of enforcement (see, generally, 7 Weinstein-Korn-Miller, NY Civ Prac, par 5519.18). In this regard the second case submitted by the claimant is very enlightening. In Stedner v State of New York (Blinder, J., filed Feb. 27, 1976 and Alpert, J., filed Sept. 30, 1976, Claim No. 49792), Judge Albert A. Blinder of this court found liability against the State. An interlocutory judgment was entered and an appeal therefrom was then filed. While that appeal was pending, the damage portion of the case was tried before Judge Milton Albert. Clearly, there was no stay, even though an appeal was pending. After Judge Albert rendered his decision on September 30, 1976, the State subsequently moved to vacate the appeal. It is clear from this case, cited by the claimant, that there is no automatic stay, which would prevent the court from assessing damages.
The court therefore finds that CPLR 5519 does not and did not automatically stay a determination of the claimant’s damages. That being the case, and there being no evidence that the State moved for a stay, the court finds that Trimboli (30 NY2d 687, supra) is distinguishable from the case at bar, *403 in that the defendant in the present claim took no affirmative action to delay the assessment of the claimant’s damages.
The court is therefore left with only the apparently contradictory decision in the Stedner case to resolve. As the claimant’s attorney stated in his affirmation in support of the motion, the judgment in the personal injury action provided for interest from the date of the finding of liability. However, a review of the decisions of Judge Blinder and Judge Alpert does not provide for interest to run from the liability decision. A further review of the Stedner file indicates that the interest question was resolved by the clerk of the court as an administrative matter. The determination, therefore, is not binding upon this court and the court finds Stedner clearly distinguishable.
A review of the file in the current matter indicates that the delay in scheduling the damage portion of the trial was attributable to both parties. Because of the damages and counterdamages it is impossible for the court to make an exact determination of what portion of responsiblity each party is to bear. However, it is clear that it was only after Judge Mangum's favorable decision, approximately eight years after the claim arose, that the claimant’s attorney began to seek an expeditious determination of the claim. It is equally clear that unlike the Stedner matter, no effort was made to have the damages ascertained while the liability portion of the claim was on appeal. Apparently both sides were willing to wait until the appeal was unresolved in order to prevent a possible useless expenditure of moneys for expert witnesses and to complete necessary discovery.
On the basis of all of the above, the court finds that Trimboli v Scarpaci Funeral Home (supra) and Stedner v State of New York (supra) are not controlling and that there was neither a stay of proceedings nor did the State either delay in perfecting its appeal or bring the case to trial and that therefore, interest on the personal injury damages should run from the date of this court’s decision of assessment of damages. (CPLR 5002.)
Similarly, with respect to the property damage claim, the court finds that the interest should not be "capitalized”. Having previously found that the date of the decision, as used in CPLR 5002, is the date when the damages were ascertained, there is no need to compound interest from the date of Judge Mangum's decision.
Finally, the court finds that the "obvious error” in *404 suspending interest was properly set forth in its decision.[3] Subdivision 1 of section 19 of the Court of Claims Act provides in part: "If a claim which bears interest, is not filed until more than six months after the accrual of said claim, no interest shall be allowed between the expiration of six months from the time of such accrual and the time of the filing of such claim.”
The present claim arose on June 12, 1968 and the notice of claim was filed on December 31, 1968. Therefore, the claimant had until December 12, 1968 to file his notice of claim. Having filed after the six-month period, the interest must be suspended from the sixth month following the accrual of the claim until the date of actual filing, December 31, 1968.
Accordingly, the claimant’s motion is denied in all respects.

. On October 10, 1978, a decision was rendered, awarding damages in Claim No. 50471, to William Brock, for personal injuries and property damages.

. The claimant’s notice of motion inaccurately set forth the dates of suspension as "December 12, 1971 to December 31, 1971”.

. The proper dates of this suspension are from December 12, 1968 to December 31, 1968 as set forth in the judgment and not December 12, 1971 to December 31, 1971 as recited in the claimant’s notice of motion.