## (March 13, 1972)

■ SALLY COOPERMAN et al., Appellants, v. ROBERT FERRENTINO, Defendant, and M. A. HITTNER & SONS, INC., Respondent.— Motion by respondent "for clarification of the meaning and intent of this Court" in its order dated November 29, 1971, in reversing the judgment herein in part and directing that judgment be entered in favor of plaintiffs against respondent "as upon a verdict" for plaintiffs against respondent in the same respective amounts for each of the two plaintiffs as the jury had rendered against respondent's codefendant, Ferrentino (*Cooperman* v. *Ferrentino,* 37 A D 2d 474). The judgment had been entered in the Supreme Court, Kings County, on May 13, 1969. The appeal was taken from so much of the judgment as dismissed the complaint as against respondent, upon the trial court's decision at the close of the trial. No appeal was taken from the portion of the judgment which was in favor of plaintiffs against defendant Ferrentino. Pursuant to our said order, an amended judgment was entered on January 10, 1972, which grants each of the plaintiffs the same recovery that each has against Ferrentino, besides granting the costs of the appeal, as taxed, against respondent. Motion disposed of as follows: Respondent's contention is that the effect of the amendment of the judgment is to grant interest against respondent and in favor of plaintiffs on their recovery from May 13, 1969, the date the original judgment was entered, even though there had been no grant of a recovery against respondent until our said order on the appeal was made, on November 29, 1971, and the amended judgment was not entered until January 10, 1972. Respondent says that interest from May 13, 1969 to January 10, 1972 on the total amount awarded against it comes to more than $4,000. Our determination on the appeal was that as a

matter of law respondent was "bound by the determination of the jury," that a new trial as against respondent was unnecessary and that plaintiffs were entitled to judgment against respondent in the same amounts as the jury had awarded plaintiffs against Ferrentino. Since a new verdict, against respondent, was thus obviated, our determination was an exercise of power to "grant the judgment which the court below should have granted" (*McAvoy* v. *Harron*, 26 A D 2d 452, 454, affd. 21 N Y 2d 821; see, also, *Humble Oil & Refining Co.* v. *Jaybert Esso Serv. Sta.*, 30 A D 2d 952; *Society of N. Y. Hosp.* v. *Burstein*, 22 A D 2d 768; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5522.02, 5522.04; cf. *Jacques* v. *Sears Roebuck & Co.*, 37 A D 2d 121). Had the trial court granted judgment against respondent, as our determination said it should have, obviously the same award of interest would have been granted against respondent as was granted against Ferrentino. Our determination awarded nothing less. We note, also, that it would be inequitable to reward respondent for the fact that plaintiffs were delayed in procuring entry of judgment against respondent, which delay flowed from respondent's affirmative action, i.e., its successful motion at the trial to dismiss the complaint — the dismissal was not overturned and judgment was not granted to plaintiffs against respondent until after determination by us of plaintiffs' appeal. To limit plaintiffs as respondent would, as to interest, in the face of a delay caused by respondent, would constitute a substantial prejudice to plaintiffs (cf. *Trimboli* v. *Scarpaci Funeral Home*, 37 A D 2d 386, 388–389). Finally, if the same amount of interest is not awarded against respondent as has been awarded against Ferrentino, difficult and unnecessary problems would arise between the two defendants on the subject of contribution with respect to payment, under CPLR 1401. Hopkins, Acting P. J., Gulotta, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to grant interest against respondent from January 10, 1972, with the following memorandum: Historically, both by decisional law as well as by statute, interest does not accrue in unliquidated tort actions until judgment is actually entered (CPLR 5003). When the Legislature has deemed it wise to make an exception, such as in death actions, it has expressly so indicated.