■ Yvonne Haddock, an Infant, by Her Mother and Natural Guardian, Linda Haddock, et al., Respondents, v City of New York, Appellant. — Judgment of the Supreme Court, Bronx County (Bradley, J.), entered on June 16, 1983, after trial by jury, reversed, on the law, without costs, and the matter remanded for a new trial.

At the close of the trial court's charge, the defendant city excepted to the omission of an instruction on foreseeability and stated it had assumed that foreseeability would be included in the general instructions on the elements of negligence. The trial court's only explanation for its refusal to so charge was that the request came "too late."

However, CPLR 4110-b provides, in pertinent part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating the matter to which he objects and the grounds of his objection." Counsel did so object and thus has preserved this claim of error for appeal.

In a case such as the instant one where plaintiff sought to hold the city liable for the intentional criminal act of its employee, the question of foreseeability of risk is fundamental. Since this element of foreseeability is an essential component of negligent conduct, the determination of liability against the defendant city, without the jury being instructed as to this component, must be reversed and a new trial granted.

By merely charging PJI 2:240, which concerns the requirement that the employer have knowledge or should have had knowledge of the employee's propensities for the employer to be negligent, without also instructing the jury that the risk of injury to the plaintiff had to be reasonably foreseeable, the trial court made the city, in effect, an insurer against harm for any act committed by this employee. Where acts of a third person, intentional or negligent, intervene between defendant's conduct and plaintiff's injury, the question of whether defendant is liable turns upon whether the intervening act is a foreseeable

consequence of defendant's negligence (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315). Concur — Asch, J. P., Silverman and Kassal, JJ.

Milonas, J., dissents in a memorandum as follows: In my opinion, the judgment being appealed should be affirmed.

Plaintiff herein was only nine years old when she was raped, violently and repeatedly over a three-hour period of time, by one James Johnson, an employee of defendant City of New York. He had been hired under a program in which home relief recipients, even those with a criminal history, were assigned to various jobs so that they could work off the value of their welfare payments. Despite subsequently acquiring actual knowledge of Johnson's extensive criminal record, including rape, robbery, burglary and other acts of violence, defendant retained him in its employ, largely unsupervised, as a maintenance worker at the playground where the rapes occurred.

The Department of Personnel, which was responsible for running a fingerprint check to obtain a prospective employee's criminal record, did not take Johnson's fingerprints until four months after he was appointed to the Parks Department. Not until nearly eight months later was his criminal record returned by the Police Department. This record revealed that in 1946, Johnson received a sentence of from 15 to 30 years for attempted rape and other serious offenses. After serving 21 years of this term, he was released on parole. However, in less than two years following his release, his parole was violated on the basis of another violent forcible rape charge. Johnson was then returned to prison where he remained until 1974. The rape involved herein occurred within the first year of his release from prison. Yet, when the Department of Personnel finally received notice of Johnson's appalling history of criminally violent behavior, it still did nothing. There is no indication whatever, nor does defendant claim, that either the Personnel Department or the Parks Department ever reviewed Johnson's record, much less considered the advisability of terminating his employment or transferring him from his sensitive job at the playground where he was in close and constant contact with young children.

The evidence of defendant's negligence and general dereliction of duty is clear and overwhelming. Under these circumstances, it is beyond my comprehension how the trial court's failure to charge foreseeability can constitute reversible error, particularly where the result will be to cause the already severely brutalized victim to have to undergo the physical and mental ordeal of another trial. This is especially the situation where, as here, defendant did not request, either in writing or

orally, a specific charge at any time prior to the court's delivery of its instructions to the jury. Instead, defendant waited until the conclusion of the court's instructions before asking for a charge on foreseeability.

While it might have been preferable for the court to have given the requested charge, the fact is that the court's instructions, viewed as a whole, were not only extremely balanced but, in effect, "adequately incorporated the substance" of defendant's request. (*Taylor v New York City Tr. Auth.*, 48 NY2d 903, 905.) The court explained in great detail the various elements involved in establishing negligence, as well as the law regarding the responsibility of an employer for the acts of its employees. Further, the court described the employer's duty to use "reasonable care" in connection with the hiring, retention and assigning of an employee to an appropriate position.

The facts of this case are such that it is simply impossible to perceive how anyone could reasonably have concluded that defendant, considering Johnson's dreadful criminal record, should not have been expected to foresee that this man posed a grave threat to the safety of young children. Indeed, Thomas Curley, deputy director of the Department of Personnel in charge of reviewing qualifications for placement, admitted at trial that while we "would be virtually mandated to employ him", he would not have qualified Johnson "to work next to little girls" had he been aware of his history. Thus, the addition of a charge on foreseeability could not conceivably have influenced the jury's verdict, and, accordingly, any error committed by the court in that respect was harmless.