Yvonne Haddock, Plaintiff, v City of New York, Defendant.

Supreme Court, Bronx County, February 16, 1989

### APPEARANCES OF COUNSEL

*Peter L. Zimroth, Corporation Counsel (Bonnie Bourstein* of counsel), for defendant. *Kelner & Kelner (Joseph Kelner* of counsel), for plaintiff.

### OPINION OF THE COURT

Herbert Shapiro, J.

Defendant moves to resettle a judgment to the extent of

having the interest computed thereon to run from September 11, 1987 rather than June 7, 1983.*

This action originally came on for trial on May 31, 1983, and on June 7, 1983 a verdict was rendered in plaintiff's favor in the amount of $2,500,000. On appeal the Appellate Division, based upon a charge omission, reversed the judgment entered on that verdict and remanded the matter for a new trial (106 AD2d 359).

A new trial was held and on September 11, 1987 a verdict in the amount of $3,500,000 was rendered in favor of the plaintiff. The Trial Justice granted defendant's motion after verdict and dismissed the complaint. The Appellate Division then reversed and remanded the action for a new trial on the question of damages, unless the plaintiff consented to a verdict reduction to the amount of $2,500,000 (140 AD2d 91). Plaintiff consented to the reduction in the amount of the verdict. Plaintiff thereafter entered a judgment in the reduced sum providing therein for the accrual of interest from June 7, 1983. Thereafter the instant application was brought on to resettle the judgment with respect to the date from which interest was to accrue.

The statute which deals with the entry of interest on judgment is CPLR 5002. That section provides as follows: "Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment. The amount of interest shall be computed by the clerk of the court and included in the judgment."

The defendant, City of New York, in seeking the resettlement of the judgment contends that since the first judgment was set aside and a new trial ordered, the verdict in the first trial may not serve as a basis for computing interest.

The plaintiff, recognizing that the statute requires that interest be computed from the day of verdict argues that, where as here, a second verdict is rendered after a reversal and where the delays in achieving the second verdict are attributable to the conduct of the defendant, in such circumstances the date of the first verdict should be the basis for interest computation. In so arguing, the plaintiff relies princi-

---

*It would appear that the difference in the amount of interest incorporated in the judgment would be reduced by approximately $900,000 if the former date is controlling.

pally upon *Trimboli v Scarpaci Funeral Home* (37 AD2d 386, *affd* 30 NY2d 687) and *Cooperman v Ferrentino* (38 AD2d 945). Both of these cases, however, are distinguishable from the instant case.

In *Trimboli (supra)*, the trial was bifurcated and the plaintiffs obtained a verdict in their favor on the question of liability. An interlocutory judgment was entered and defendants appealed obtaining a stay of the assessment of damages. The appeal was unsuccessful and a year after the liability verdict plaintiffs were awarded damages. Judgment was thereafter entered with interest computed from the date of the interlocutory judgment. The Appellate Division, Second Department, held such computation to be appropriate and the Court of Appeals affirmed.

In *Cooperman (supra)*, a verdict was entered in favor of plaintiffs against one defendant and the complaint was dismissed as against the codefendants. Appeal was taken from the dismissal and the Appellate Division, Second Department, reversed and directed the entry of a judgment against the codefendants in the same amount as had been entered against the other defendant. In such context the court permitted interest to run from the date the original judgment was entered.

*Trimboli (supra)* differs from the instant case in several material respects. First, there was a "verdict" in existence from which to measure interest, i.e., the verdict in favor of the plaintiffs on the question of liability. Second, and as pointed out by the court, the delay in assessing damages was due to the unsuccessful appeal and the stay obtained by the defendants.

*Cooperman (supra)* too differs from the instant case in a material manner. There the appellate court held the dismissal of the complaint against one of the defendants to have been erroneous and directed the entry of a judgment against that defendant in the same amount as against the other defendant as determined by the jury at the original trial. Such a direction was made after the court concluded that, as a matter of law, the jury verdict bound both defendants and that a new trial was unnecessary.

Looking then to both *Trimboli* and *Cooperman (supra)*, it is apparent that in both cases the court had an earlier "verdict" and judgment upon which to base the computation of interest. Having that "hook" upon which to do what they considered to

be equitable and yet not violative of the statutory language, the court reached the results it did.

In the instant case, however, there is no verdict which would support the computation of interest from June 7, 1983. That is so since the Appellate Division reversed the original judgment and directed a new trial which was held. Such procedural circumstances render the original verdict a nullity. It is the view of this court that since the verdict of June 7, 1983 no longer exists, there is no legal basis whatever to conclude that interest can run from that date. Plaintiff's argument that it would be inequitable for the interest not to run from the date of June 7, 1983 may not be without some merit in the peculiar circumstances of this case. However, even if some inequity does exist, it does not justify a total disregard of the clear language of the controlling statute. To award interest from the date of a verdict necessarily requires that such a verdict be in existence. In this case, as indicated, the action of the Appellate Division rendered the verdict of June 7, 1983 a nullity.

Additionally, the court's conclusion is supported by the decision in *Barry v Manglass* (77 AD2d 887, *affd* 55 NY2d 803). In that case, the Appellate Division, in rather similar circumstances, refused to permit the measuring of interest from the date of the verdict at the first trial where on appeal there was a reversal and a new trial ordered.

Accordingly, the motion to resettle the judgment is granted. Let the judgment be resettled in accordance with this opinion, i.e., with interest to run from September 11, 1987.