■ GLENN LOUCKS, Respondent, v COMMUNITY HOME CARE SERVICES, Appellant, et al., Defendant. [618 NYS2d 826] —In an action to recover damages for personal injuries, the defendant Community Home Care Services appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated April 14, 1993, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, the appellant's motion for summary judgment dismissing the complaint insofar as asserted against it is granted, and the action against the remaining defendant is severed.

On June 13, 1985, the appellant hired the defendant Sherrise Collier as a home-health care aide, and immediately assigned her to care for the plaintiff. Later that afternoon, the plaintiff discovered several items missing from his home, and the plaintiff and his wife called the appellant to report a suspected theft and terminate the agency's services. Although Collier denied that she had stolen anything from the plaintiff's home, the appellant suspended her based upon the plaintiff's report, and it is undisputed that the appellant formally terminated Collier's employment on June 18, 1985. One week later, however, Collier allegedly returned to the plaintiff's residence and assaulted him.

The plaintiff subsequently commenced this action against both the appellant and Collier, alleging that the appellant was vicariously liable for Collier's actions under the doctrine of respondeat superior. The plaintiff further alleged that the appellant was liable for his injuries because it had negligently hired and/or retained Collier, and because it had failed to warn him that it had fired Collier prior to the assault.

The appellant contends, *inter alia,* that the Supreme Court erred in denying its motion for summary judgment, because it is undisputed that it fired Collier one week prior to the alleged assault, and thus had no authority to control her actions. We agree. Although an employer may be liable for acts of its employees which are committed in the course and scope of employment, the imposition of liability under the doctrine of respondeat superior requires, at minimum, an existing relationship between the employer and the third person who committed the tortious act *(see, D'Amico v Christie,* 71 NY2d 76, 89; *Patricia B. v Brown,* 149 AD2d 450; *Bell v Perrino,* 112 AD2d 124). Accordingly, the appellant may not be held vicari-

ously liable under the doctrine of respondeat superior for the assault committed by its former employee. Moreover, since the appellant took corrective action to address the plaintiff's complaint that Collier had stolen items from his home by discharging her from its employment prior to the assault, the plaintiff may not recover upon the theory that the appellant was negligent in hiring and/or retaining Collier *(cf., Haddock v City of New York,* 106 AD2d 359).

Finally, we find that since it is undisputed that the plaintiff and his wife terminated the appellant's services prior to the assault, the appellant was under no legal duty to warn the plaintiff that it had fired Collier based upon his report of theft. We note in this regard that since it was the plaintiff who discharged the appellant, it is irrelevant that the appellant may have maintained "progress notes" concerning the plaintiff even after the parties' relationship was severed. Thompson, J. P., Sullivan, Friedmann and Krausman, JJ., concur.