■ GERALD E. ROGERS, Respondent, v RICHARD REYNOLDS et al., Defendants, and DANIEL E. BEDELL et al., Doing Business as THE BONNET, Appellants.—Judgment unanimously reversed on the law without costs and new trial granted on the issue of damages only. Memorandum: We have reviewed the court's charge on the issue of liability and we find it to be essentially correct. Although it was not proper to charge that the restaurant owner defendants had "special skills", the court otherwise repeatedly made it clear that it was their duty to "use the skill and care that others in the [restaurant business] would reasonably use in the same situation". Viewed in its entirety, the charge correctly stated the rule to be applied by the jury to this issue (see, Small v Housman, 220 NY 504, 511-512). The court also properly charged that a violation of section 48.2 of the Rules of the New York State Liquor Authority is some evidence of negligence. We have reviewed defendants' other arguments bearing upon the liability issue and we find them to be without merit.

The court erred, however, in its instructions on damages. The jury was charged as follows: "If you find that the plaintiff Gerald Rogers is entitled to receive money damages, you may include in your verdict an award for his loss of enjoyment of life. This element of damages is distinct and separate from the damages of any award for pain and suffering as you may so find in this case." Subsequent to trial of this action, the Court of Appeals made it clear that a jury may not make an award for loss of enjoyment of life separate and distinct from an award for conscious pain and suffering (Nussbaum v Gibstein, 73 NY2d 912; McDougald v Garber, 73 NY2d 246). Since the jury reported a lump-sum verdict, it is impossible to determine the impact of the erroneous charge upon the verdict. There must be a new trial on the issue of damages only. (Appeal from judgment of Supreme Court, Erie County, Sedita, J.—negligence.) Present—Dillon, P. J., Green, Pine, Lawton and Davis, JJ.