Francis T. Murphy, Jr., J.
This is a motion by defendants to amend the judgment nuc pro tunc by striking the allowance of interest in the sum of $6,562.50, and for reduction of the costs of trial from $150 to $75.
On the first trial of this personal injury action in November, 1964, the jury rendered a verdict in favor of plaintiff in the sum of $133,000. Defendants moved to set aside the verdict, and for a directed verdict. The court ordered that unless the plaintiff stipulated to accept an award of $85,000, the motion to set aside the verdict would be granted, but only in respect of the amount of damages. This order was affirmed in the Appellate Division (24 A D 2d 1081). Plaintiff did not stipulate to accept the reduced award, and after a new trial, in April, 1966, on the issue of damages alone, the jury rendered a verdict in the sum of $75,000. Judgment was entered by plaintiff, including the sum of $6,562.50 as interest for the period from the first verdict on November 10, 1964, to the entry of judgment on April 28, 1966. Pursuant to CPLR 8201 (subd. 3) $150 costs were included in the judgment.
Defendants contend that by retrying the issue of damages, rather than stipulating to accept a reduced award, plaintiff has waived her right to interest dating back to the date of the first *382 verdict under CPLB 5002. Defendants further contend that plaintiff should not be allowed costs for retrial on the issue of damages, since plaintiff herself caused the retrial, which resulted in the reduction of the award by $10,000.
Plaintiff opposes on the ground that the interest claimed is an element of compensation to which she is entitled, since a jury finding that defendants were liable to plaintiff was in effect during the period for which interest is claimed, and only the amount of damages continued in dispute.
The questions presented by this motion are novel, and require inquiry into the rationale behind the interest rules. In personal injury actions, such as this, separate recovery of interest, for the period between injury and verdict or decision, is not allowed. (Keilson v. City of New York, 126 N. Y. S. 2d 606.) The jury, in fixing the amount of the award, will automatically take the interest into consideration in arriving at their estimate of plaintiff’s monetary loss. Where it cannot be established that the jury did not take interest into consideration in arriving at a lump-sum verdict, the court cannot add interest to the award returned (Stuckey v. Erie R. R. Co., 22 Misc 2d 472, revd. on other grounds 13 A D 2d 934). In the instant case, it follows that when the jury reassessed the damages to plaintiff, allowance was made in their award for interest from the time of plaintiff’s injury and loss to the time of their decision. To award separate interest on the second verdict, from the date of the first, would, in effect, result in a double recovery of interest.
CPLB 5002 is intended to fully compensate the injured plaintiff. “ The statute’s design was to indemnify the plaintiff for nonpayment, of what das due, by the allowance of interest upon the sum of the verdict.” (Brewstee, J., dissenting in Stever v. Associated Transp., 270 App. Div. 956, affd. 296 N. Y. 674.) Such is the case where defendant causes a delay between verdict and judgment. However, if plaintiff is not content with the offer of award made by the trial court, and she seeks a new trial on the issue of damages, there is no reason to allow interest for the period here in question. Plaintiff should not be allowed to benefit at the expense of defendants, when plaintiff herself causes the delay. See Weinstein-Korn-Miller, N. Y. Civ. Prac. (vol. 5, par. 5002.03), which states that CPLB 5002 requires that interest, in such a case as this, not be given from the date of the first verdict.
The court finds no merit in defendants’ second contention. The language of CPLB 8101 entitles the party in whose favor judgment is entered, to costs in the action. The award of $150 costs to plaintiff was therefore proper.
*383 Accordingly, that branch of the motion to amend the judgment nunc pro tunc by striking the allowance of interest in the sum of $6,562.50 is granted. That branch of the motion to reduce costs is denied.