■    NANCY MALKIN, Respondent, v ANNE WRIGHT, Defendant, and MARTIN J. FEIERMAN, Appellant.—Order, Supreme Court, New York County, entered on May 5, 1977, denying appellant's motion to resettle the judgment by striking therefrom the interest which accrued from the date of the verdict on liability is unanimously reversed, on the law and the facts, without costs and without disbursements, and appellant's motion to resettle

the judgment granted to the extent of striking interest from the date of the liability verdict and substituting therefor interest from the date of the damages verdict on constraint of *Lindwall v Talent Cab Corp.* (51 Misc 2d 381, 382, affd 27 AD2d 647) and *Trimboli v Scarpaci Funeral Home* (37 AD2d 386, affd 30 NY2d 687). On March 9, 1976, a jury returned a verdict in favor of plaintiff against both defendants on the issue of liability in this bifurcated trial. The case was then set down for trial of damages. Instead of proceeding to trial, plaintiff moved to increase the *ad damnum* from $200,-000 to $1,000,000; the motion was denied. Plaintiff took an appeal and obtained a stay of the assessment of damages pending the appeal. This court affirmed the order denying said motion (54 AD2d 845) and thereafter denied plaintiff's motion for leave to reargue. The damage trial thereafter finally commenced nearly a year after the trial of the liability issue and resulted in a verdict in favor of plaintiff against both defendants in the sum of $100,000. Plaintiffs entered judgment with 6% interest from March 9, 1976, the date the liability verdict was handed down, to March 29, 1977, the date of entry of the final judgment. The defendants then moved to resettle the judgment striking the interest from the date of the liability verdict. "Interest is the ordinary incident for the nonpayment or delay in payment of a principal obligation and is recoverable as just compensation for the detention of money due * * * It is given as damages for delay in payment of the principal obligation, and is said to be an invariable legal incident of the principal debt *whenever a debtor knows precisely what he is to pay and when he is to pay,* but does not." (Emphasis supplied; 13 NY Jur., Damages, § 130.) Where there is a bifurcated trial, a plaintiff is ordinarily entitled to interest from the date the interlocutory verdict is rendered rather than the date of verdict awarding damages. *(Trimboli v Scarpaci Funeral Home,* 37 AD2d 386, affd 30 NY2d 687, *supra.)* This is understandable because usually the trial of damages closely follows the liability verdict. Here the plaintiff's actions in seeking to increase the *ad damnum*—an effort which plaintiff must have perceived was to her advantage—resulted in a substantial delay in the entry of the damages verdict and was prejudicial to defendants in that they did not know precisely the amount of the verdict they were to pay and when they were to pay it. This situation is comparable to that in *Lindwall v Talent Cab Corp* (51 Misc 2d 381, 382; affd 27 AD2d 647, *supra)* where plaintiff refused to stipulate to accept a reduced verdict of $85,000 and a new trial was ordered in which plaintiff was awarded a verdict of $75,000. In determining the defendant should not be charged for the interest accruing for the one and one-half years from the original verdict to the final judgment the court stated: "if plaintiff is not content with the offer of award made by the trial court, and she seeks a new trial on the issue of damages, there is no reason to allow interest for the period in question. Plaintiff should not be allowed to benefit at the expense of defendants, when plaintiff herself causes the delay." *Trimboli v Scarpaci Funeral Home* (37 AD2d 386, *supra)* also stands for the proposition that the one who increases the time between the liability verdict and the date of the final judgment will be charged with the delay. Regarding CPLR 5002, the court observed (p 389): "The intent of the statute awarding interest is to indemnify the plaintiffs for the nonpayment of what is due to them. Hence, the delay in the rendition of damages may properly be charged against the party causing it, in considering the allowance of interest, and the courts have followed this rule in applying the terms of the statute". Concur—Kupferman, J. P., Evans, Lane and Markewich, JJ.; Fein, J., concurs in the following memorandum in which Kupferman, J. P., Lane and Markewich, JJ., also concur. I

concur in result upon constraint of *Lindwall v Talent Cab Corp.* (51 Misc 2d 381, affd 27 AD2d 647). In the absence of such constraint, I would vote to affirm because I believe that here, as in *Lindwall* and *Trimboli v Scarpaci Funeral Home* (37 AD2d 386, affd 30 NY2d 687), the issue of entitlement to interest improperly has been made to turn on whether one party or the other was responsible for the delay between the liability trial and the damage trial. As Special Term ruled there has been no showing that "plaintiff was responsible for any undue delay in proceeding with the assessment of damages * * * Plaintiff had every right to appeal" from the order denying her motion to amend the *ad damnum.* Moreover, when plaintiff here moved to increase the *ad damnum* prior to the start of the liability trial the court denied the motion in part upon the ground that such motion should be made, if at all, following disposition of the liability trial. Plaintiff is being penalized for renewing the motion after the conclusion of the liability trial and for appealing from the adverse determination. In my view, where there is a bifurcated trial, interest should be awarded from the date of the liability verdict since defendant has had the use of the money during the period after liability has been fixed. Nothing in CPLR 5002 precludes the allowance of interest from the date of the liability verdict. The award of interest is founded on the theory that there has been deprivation of the use of money or its equivalent. A function of interest is to make whole the party aggrieved. Interest is the price or rate paid by a borrower for the use of what he borrows, payment for the use of money or for the forbearance in demanding payment of a debt. In a bifurcated trial a defendant's obligation to compensate plaintiff for the loss sustained by plaintiff becomes fixed in law upon the jury's verdict in favor of plaintiff on the issue of liability. From that point in time the existence of plaintiff's loss has been established, with only the amount of the loss to be determined upon the assessment of damages. Interest should accordingly be awarded for the period between the liability verdict and entry of final judgment in order to compensate and make plaintiff whole for defendant's use of the money during that period. In this sense interest is not a penalty but merely payment for the use of money. Nor is there merit to the suggestion that interest is not allowable because the amount of the obligation has not been ascertained until the damage verdict so that defendant does not know until then how much he is to pay. This is no obstacle in breach of contract cases, actions for inducement to breach a contract and cases for damage to property where interest is awarded under the statute (CPLR 5001) and computed from the date the loss of damage is actually incurred although the amount is not ascertained until the jury's verdict or court decision is rendered. Nor does CPLR 5002 preclude interest from the date of the liability verdict. It directs interest for the period from the date of verdict or decision to the date of entry of final judgment, but does not indicate which verdict date is applicable where there is a bifurcated trial. I am not unaware of the notion expressed in *Lindwall* and other cases that personal injury verdicts may not carry interest from the occurrence because the jury will take into consideration the fact of the delay in payment and adjust damages accordingly. As noted in McKinney's Consolidated Laws of New York (Siegel, 1970 Practice Commentary, Book 7B, CPLR 5002), this is a fiction difficult to accept. The fiction should not be extended to deny interest for the period between the liability verdict and the damage verdict. Defendant should pay for the use of the money and make plaintiff whole.