OPINION OF THE COURT
Gerard M. Weisberg, J.
This claim is for personal injuries sustained by Marilyn A. *474 Zegman* and derivative causes of action for loss of services and medical expenses incurred by Charles Borenstein, her father, arising out of an accident in which Mrs. Zegman fractured her left elbow while performing a gymnastic stunt in a physical education class at the State University of New York at Stony Brook. The defendant’s liability has been previously adjudicated and the sole issue before the court is to assess damages.
On the date of the occurrence, December 13, 1973, Mrs. Zegman was examined at Smithtown General Hospital, where a radiographic report was prepared indicating that she had sustained an undisplaced fracture of the articular surface of the radial head with associated soft tissue swelling. Treatment consisted of applying a "long arm cast” and sling. One week thereafter, a further X-ray examination was conducted by Dr. Albert S. Trachtenberg, and on December 31, 1973, she saw Dr. William B. Siegel, who removed the cast and placed an ace bandage on the elbow. Claimant removed this ace bandage two days later and was examined by Dr. Richard S. Goodman during the following month.
Mrs. Zegman testified that immediately following the injury she experienced "piercing” pain in her elbow, which continued for four days. Upon removal of the ace bandage, her left arm was very weak and she experienced muscular pain. The arm looked "scrawnier” and its movement was somewhat restricted, both of which conditions persisted for approximately three months. During this time, claimant indicated that she could not carry books, brush her hair or scrub floors, although the court notes that she is right-handed and the injury was to her left elbow.
According to her testimony, Mrs. Zegman experiences pain in her left elbow when the weather is humid or it is raining. This evidence was objected to by the defendant on the theory that expert testimony was required to prove a causal connection between the injury and the pain. This objection was overruled since claimant was clearly competent to testify to her past and present condition. (Vincent-Wilday, Inc. v Strait, 273 App Div 1054.) The court does not, however, construe such testimony as sufficient to establish either the permanency of the injury or the possibility of future pain. *475 (Webb v Union Ry. Co. of N. Y., 44 App Div 413; Reardon v Third Ave. R. R. Co., 24 App Div 163.) Indeed there is no claim made for permanent injury, and the court finds that at the time of trial the injury had healed satisfactorily.
In view of the foregoing, claimant Marilyn A. Zegman is awarded the sum of $3,500 for her injury, pain and suffering. Claimant Charles Borenstein is awarded the sum of $364.50 for the reasonable value of medical expenses incurred on behalf of his daughter. No award is made for loss of services because of the absence of any evidence indicating the extent or nature of the services performed by his daughter or their reasonable value. (Muller v Hillenbrand, 179 App Div 831, revd on other grounds 227 NY 448, mot for rearg den 228 NY 557.)
Since the trial of this claim was bifurcated, there is an issue as to whether interest should be computed from the date liability was determined or from the date of this decision assessing damages (CPLR 5002). Traditionally, the answer to this question has hinged upon which party was responsible for the delay. In Trimboli v Scarpaci Funeral Home (37 AD2d 386, affd 30 NY2d 687), the defendant unsuccessfully appealed from a judgment of liability, and accordingly interest was computed from the interlocutory judgment rather than the damage verdict. The converse situation was presented in Malkin v Wright (64 AD2d 569) in which, following a jury verdict of liability, plaintiff appealed the court’s denial of her motion to amend the ad damnum clause prior to assessment of damages. The court held that interest under CPLR 5002 was to commence from the assessment of damages since the plaintiff was responsible for the delay.
The fault approach is inapplicable here since neither claimant nor the State caused the hiatus between the liability decision and the assessment of damages. No motions, appeals, stays or other legal proceedings were undertaken by either side. The date of the damage trial was determined by the assignment of Judges to preside in the New York District of this court at Hauppauge in accordance with its regular calendar practice.
What then is the rule where neither party is at fault? The Appellate Division, First Department, states in Malkin (supra, p 570): "Where there is a bifurcated trial, a plaintiff is ordinarily entitled to interest from the date the interlocutory verdict is rendered rather than the date of verdict awarding *476 damages. (Trimboli v Scarpaci Funeral Home, 37 AD2d 386, affd 30 NY2d 687, supra.) This is understandable because usually the trial of damages closely follows the liability verdict.”
It must be understood however that in neither Malkin nor Trimboli was the court presented with a "no-fault” situation, and the foregoing observation of what plaintiff "ordinarily” is entitled to cannot be viewed as the holding of either case. (See Brock v State of New York, 97 Misc 2d 400.) Further, since the damage trial herein did not closely follow the liability decision, the "usual” procedure, insofar as one exists, is simply inapplicable. The viewpoint expressed by the First Department in Malkin, though technically obiter dictum, appears favorable to the adoption of a rule requiring interest from the liability decision. Justice Fein states in his concurring opinion (p 571): "where there is a bifurcated trial, interest should be awarded from the date of the liability verdict since defendant has had the use of the money during the period after liability has been fixed * * * In this sense interest is not a penalty but merely payment for the use of money.”
The court must respectfully disagree with this viewpoint. At common law, the only circumstance in which interest from verdict to judgment was allowable in a personal injury case, was where defendant’s fault caused the delay, and in such cases it was generally regarded as a penalty. (See Hervey v Bangs, 53 Me 514; Ann., 1 ALR2d 479.) The enactment of CPLR 5002 changed this rule, and provides for interest in all cases: "from the date that the verdict was rendered or the report or decision was made to the date of entry of final judgment.” The statute is silent upon the issue of bifurcated trials and its language provides no guidance to the draftsmen’s intentions. That section did not, however, change the common-law rule that interest prior to verdict or decision is not allowable in personal injury cases (CPLR 5001). The rationale underlying this rule is that such damages are unliquidated. (See 13 NY Jur, Damages, § 130.) Justice Fein’s observation that interest may be awarded in contract cases where damages are similarly unliquidated is a valid criticism of the traditional rule. Nevertheless, the distinction between personal injury cases and other types of tort or contract cases was clearly preserved by the Legislature in CPLR 5001 and 5002. It is not for the court to add a proviso where the lawmaking body in its wisdom did not deem such appropriate *477 (Matter of Rapp v New York City Employees' Retirement System, 42 NY2d 1), especially since the Law Revision Commission urged the adoption of interest in personal injury cases as early as 1966 and the Legislature never enacted such a law. (1966 NY L Rev Comm Rep, p 409 et seq.)
Moreover, the notion that the damages relate back to the liability verdict cannot be sustained since damages are actually assessed as of the date of the damage trial. In the present case, Mrs. Zegman testified that she experienced pain to the date of trial, and the court’s award reflects such evidence. The granting of interest during a period of time which is included in the cause of action would violate the CPLR’s prohibition against predecision interest in tort cases.
There is similarly no justification for penalizing the defendant for the nonpayment of a totally hypothetical and unliquidated sum of money. Insofar as it is possible to generalize, bifurcation benefits both parties as well as the court. (See McLaughlin, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR, art 40, p 56.) Since charging interest "for the use of money” is foreign to personal injury law, the defendant should not bear the burden of compensating claimant for a delay which it has not caused.
Accordingly, interest upon the foregoing awards shall run from the date of this decision.

 Claimant, Marilyn A. Zegman, nee Borenstein, was unmarried and a minor at the time of the occurrence. She has since wed and attained her majority. The caption has been amended accordingly.