(July 3, 1980)

■ WILLIAM BROCK, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 50471.) (Action No. 1.) MORRIS SWARTZ, as Administrator of the Estate of LINDA D. HENDELSON, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 50236.) BENNETT ADELMAN, as Administrator C. T. A. of the Estate of PHILIP HENDELSON, Deceased, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 50806.) (Action No. 2.)—Cross appeals and appeal in Action No. 1 (1) from a judgment in favor of claimant, entered October 17, 1978, upon a decision of the Court of Claims, and (2) from an order of the same court, entered January 30, 1979, which denied claimant's motion to recompute interest upon the damages judgment, and appeals in Action No. 2 (1) from judgments in favor of claimant, entered July 12, 1978, upon a decision of the Court of Claims, and (2) from an order of the same court, entered November 14, 1979, which denied claimants' motion for the recomputation of interest upon the damages judgment. The circumstances which gave rise to these actions are set forth in *Brock v State of New York* (58 AD2d 715) in which this court affirmed a judgment of the Court of Claims which resolved the liability aspects of all causes against the State. We are concerned here only with the judgments and orders arising from the bifurcated damages trial, and the issues are sufficiently similar, if not identical, so as to permit their joint consideration. Claimant in Action No. 1 contends, *inter alia,* that the award for damages for his personal injuries was inadequate as a matter of law; the court erred in denying an award for diminution of future earnings; interest pursuant to CPLR 5002 should have been computed from the date of the liability decision on the award for personal injuries and interest on the property damage should have been capitalized as of the date of the liability decision; and claimant was prejudiced by the court's antagonism toward claimant's counsel. Claimant in Action No. 2 contends, *inter alia,* that the awards in the death actions were inadequate, interest should have been capitalized on the date the liability determination was filed; Mrs. Hendelson was entitled to damages for loss of consortium; and claimant was prejudiced by the court's antagonism toward claimant's counsel. Turning first to the claimants' contention that the awards were inadequate, we are of a different view. As this court has oft-times noted, the quantum of damages is peculiarly difficult in cases of this kind *(Wilson v State of New York,* 14 AD2d 976). Claimants' proposition or theory would impose a rule which, in effect, would bind the trier of the facts to a minimum judgment based upon the expert's testimony or formula. This we find unacceptable and contrary to established law. It is recognized that there is no magic or precise mathematical formula for computing damages in a death action, and since an award must be based upon intangible pecuniary losses, it is not surprising that different results obtain. Each case is necessarily different *(Rinaldi v State of New York,* 49 AD2d 361). The same reasoning applies in personal injury cases. In our view, after careful evaluation of all of the testimony in each case, the awards are each fair and reasonable and were arrived at after due consideration of all of the proper elements to be considered, and since the evidence fairly sustains the verdicts, we are not empowered to adjust them *(Neddo v State of New York,* 275 App Div 492). Concerning claimant Brock's contention that the court erred in not making an award for diminution of future earnings, we point out that prior to and since the accident of June 12, 1968, the claimant was

the owner-operator of a tractor trailer and was engaged in interstate hauling. The claimant argues that such an award should have been made, asserting that because of the visual difficulties and deficiencies inflicted as a result of the accident, he would likely be precluded from driving legally in interstate hauling from which he contends he derives 50% of his income. Concededly, this claimant was seriously injured and suffered a permanent impairment of his vision. However, the record shows that claimant was not permanently and totally disabled and, indeed, returned to his driving on a part-time basis a little more than four months after the accident and that he has continued to drive on a full-time basis for about 10 years. In 1976 he was given a physical examination as required by the Interstate Commerce Commission, and apparently passed, for he has continued to drive on interstate assignments. Moreover, this claimant is permitted to drive under New York licensing regulations, and his New Jersey license has been renewed since the accident. Accordingly, as found by the Court of Claims, any attempt, upon this record, to determine the amount of any possible future loss of earnings would constitute speculation of the rankest sort. Next, the claimants assert that, because of the bifurcation of the trial and the long delay between the interlocutory judgment determining the liability and the assessment of damages in the death actions and the property damage action, interest is payable from date of death and infliction of damage until the date of the interlocutory judgment, at which time the interest is to be capitalized, and the resultant amount to bear interest until the date of final judgment and payment thereof. In the personal injury action it is contended that interest is payable from the date of the interlocutory judgment to the date of the decision as to damages. Thus, squarely presented is the question of whether interest pursuant to CPLR 5002 should be computed from the date liability is determined or be limited to that period after the final assessment of damages. In cases where the State was not a party, the answer has depended upon which party was responsible for the delay occurring subsequent to the interlocutory judgment *(Trimboli v Scarpaci Funeral Home,* 37 AD2d 386, affd 30 NY2d 687; see, also, *Malkin v Wright,* 64 AD2d 569; *Beyer v Murray,* 33 AD2d 246; *Lindwall v Talent Cab Corp.,* 51 Misc 2d 381, affd 27 AD2d 647). While we are not particularly comfortable with a holding which penalizes a party through the imposition of extra interest or deprives a party of interest merely for expeditiously pursuing an available remedy provided by law, the rule has nonetheless been established *(Trimboli, supra).* To this extent we share the view of the concurring opinion in *Malkin (supra,* p 571) where distress was expressed that "the issue of entitlement to interest improperly has been made to turn on whether one party or the other was responsible for the delay between the liability trial and the damage trial." While initially it might appear that the holding in *Trimboli (supra)* is dispositive of the case at hand for the reason that both involve an appeal and a stay, we find a distinction of significant dimension which prevents its application here. Subsequent to the liability determination in *Brock v State of New York* (58 AD2d 715, *supra),* the State appealed, thus triggering the operation of the automatic stay provided by CPLR 5519 (subd [a]) *(Hacker v City of New York,* 25 AD2d 35, 37). However, no application was made to this court by the claimants for relief from the stay pursuant to CPLR 5519 (subd [c]), nor is there any indication in the record that the claimants sought to proceed with the trial of the damages issue in spite of the stay, a practice sometimes followed in the Court of Claims (see, generally, 7 Weinstein-Korn-Miller, NY Civ Prac, par 5519.18; *Stedner v State of New York,* Claim No. 49792). While we disagree

with the trial court's conclusion that there was no stay, we agree that on this record no unreasonable delay was shown to have occurred on the part of the State in perfecting its appeal or in preparing for the damages trial, and that apparently both sides were willing to wait until the appeal on the liability issue was determined so as to prevent the possible useless expenditure of substantial moneys. Accordingly, the Court of Claims was correct in its determination as to interest. We note for the record that claimant Adelman has abandoned his contention that the trial court erred in not considering loss of consortium suffered by decedent's widow in making his award. Lastly, we find absolutely no support in this record for claimants' assertion that they were prejudiced by the claimed antagonism of the court to their counsel. Other issues raised have been examined and found to be without merit. Judgments and orders affirmed, without costs. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur. [97 Misc 2d 400.]