VIRGINIA L. GUNNARSON, Respondent, v STATE OF NEW YORK, Appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In a personal injury action, when the defendant appeals from an interlocutory judgment on liability, and the trial on assessment of damages is stayed pending appeal, interest will accrue pursuant to CPLR 5002 on any final judgment against the defendant from the date of the interlocutory judgment *(Trimboli v Scarpaci Funeral Home,* 37 AD2d 386, 388-389, *affd* 30 NY2d 687). Thus, we find that the Court of Claims properly granted the claimant's motion to correct the interest award in the judgment entered December 27, 1983, to reflect that interest was to accrue from the date of the interlocutory judgment, namely, April 6, 1982. Insofar as the Third Department's decision in *Brock v State of New York* (77 AD2d 670) seems to create an exception to the general rule set forth in *Trimboli* when the defendant who appeals from the interlocutory judgment is the State, we decline to follow it *(cf. Mountain View Coach Lines v Storms,* 102 AD2d 663, 665).

We have considered the defendant's other contentions and find them to be without merit. Lazer, J. P., Niehoff, Lawrence and Kooper, JJ., concur.