OPINION OF THE COURT
Gerard M. Weisberg, J.
The subject of this motion is related to whether interest on a bifurcated nonjury trial of a tort action runs from the date *601 of the decision upon which final judgment was entered or the date of the interlocutory judgment determining liability.
When that question was first raised before this court, we held that the computation would be from the former in the absence of any delay caused by the "fault” of the defendant. A motion, appeal or other legal proceedings undertaken by the defendant could result in interest computation from the date of the liability decision. (Zegman v State of New York, 99 Misc 2d 473.) The following year the principle was reiterated. (Weiner v State of New York, NYLJ, Nov. 3, 1980, at 14, col 2; see, 1980 NY St Dept of Law Ann Rep, at 65.)
Accordingly, most recently it was stated that when the defendant does appeal from the determination of liability, thereby delaying the damage phase of the trial, interest will accrue from the date of the interlocutory judgment. (Gunnarson v State of New York, Ct Cl, July 30, 1985, affd 124 AD2d 642, Iv granted 69 NY2d 606.)
In the case now before us, after rendition of the decision on liability, the defendant moved to vacate the interlocutory judgment. That application was returnable on April 23, 1986 and an order of denial was signed on May 6, 1986. This period is a delay chargeable to the defendant within the view expressed in Zegman v State of New York (99 Misc 2d 473, supra). For it claimant is entitled to interest.
Any other hiatus between the interlocutory and final judgments was based on the interval for the ordering of transcripts of the stenographer’s minutes, the period allotted to the parties for submission of briefs and the time taken by the court to render its findings in the form of a decision. (CPLR 4213.) None of these do we deem "fault” within the Zegman holding.