■ Norma Viscomi, Individually and as Executrix of Thomas Viscomi, Deceased, Appellant, v S.S. Kresge Co., K-Mart Discount Stores Division, Appellant-Respondent.— Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court, Niagara County, for further proceedings, in accordance with the following memorandum: On appeal from a judgment after a retrial on damages (see, Viscomi v Kresge Co., 142 AD2d 987, lv dismissed 73 NY2d 809), defendant correctly contends that the court erred in permitting the jury to return separate awards of damages for pain and suffering and loss of enjoyment of life (see, McDougald v Garber, 73 NY2d 246, 255-256; Nussbaum v Gibstein, 73 NY2d 912, 914; Rogers v Reynolds, 156 AD2d 930). The award for loss of enjoyment of life must be vacated. In addition, the award for pain and suffering must be vacated and a new trial on that issue of damages must be held unless plaintiff stipulates to accept the award of $875,000 for pain and suffering, including loss of enjoyment of life (see, Grandinetti v Rose, 155 AD2d 378; Kaufman v Hodinka, 151 AD2d 398, lv denied 74 NY2d 615).

Defendant also correctly contends that the court abused its discretion in refusing to permit defendant to present the deposition testimony of plaintiff husband (who died prior to

trial) and plaintiff wife concerning plaintiff husband's affair with his assailant's wife. Plaintiff wife's claim for loss of society invited scrutiny into the marital relationship *(see, Loetsch v New York City Omnibus Corp.,* 291 NY 308, 310; *see, e.g., Janecka v Casey,* 121 AD2d 28). The court's concern that this proof would "permeate" the other claims for damages could have been remedied by proper limiting instructions. The $70,000 award for loss of society must be vacated and a new trial on that issue is required.

Plaintiff cross-appeals from the court's denial of her motion for interest from the date of the jury verdict finding defendant liable in the first trial. She sought interest with respect to those items not expressed in present value. Although the Court of Appeals has held that plaintiffs in bifurcated trials are entitled to interest on damages from the date of the verdict on liability when defendants have taken concededly lawful appeals, defendants' fault for the delays appears to have been a prerequisite to the recovery of interest by plaintiffs *(see, Gunnarson v State of New York,* 70 NY2d 923; *Trimboli v Scarpaci Funeral Home,* 37 AD2d 386, *affd on opn below* 30 NY2d 687). Having cross-appealed, plaintiff is as responsible for the delay as defendant and thus is not entitled to interest from the date of the verdict on liability *(cf., Beyer v Murray,* 33 AD2d 246, 250; *see, e.g., Malkin v Wright,* 64 AD2d 569; *Lindwall v Talent Cab Corp.,* 51 Misc 2d 381, *affd* 27 AD2d 647). (Appeals from judgment of Supreme Court, Niagara County, Fallon, J.—negligence.) Present—Denman, J. P., Green, Pine, Lawton and Lowery, JJ.