Leo B. Love, Jr., et al., Respondents, v State of New York, Appellant. (Claim No. 72821.)

Fourth Department, November 16, 1990

**APPEARANCES OF COUNSEL**

*Hancock & Estabrook (Alan Pierce, John L. Murad, Jr.,* and *Michael A. Oropallo* of counsel), for respondent.

*Birnbaum & Rojas (Irwin Birnbaum* of counsel), for appellants.

**OPINION OF THE COURT**

LAWTON, J.

On this appeal the State contends that the Court of Claims' award of interest from the date of the liability determination in this bifurcated trial was error because the State did not cause any delay between the liability determination and the award of damages. A review of the record confirms the contention that the State did not cause delay. Indeed, the principal reason for the interval between the court's finding of liability and the assessment of damages was the court's delay after trial in making its award of damages. The State's lack of blame for the delay, however, does not relieve it of its obligation to pay interest from the date of the liability determination.

The question of the computation of interest in bifurcated trials is not a new one. A review of the cases dealing with this issue, however, fails to establish a clearly enunciated rule. The Court of Appeals in *Gunnarson v State of New York* (70 NY2d 923) set forth the general rule that interest should be calculated from the date of the adjudication of liability. In so deciding, however, the court recited facts which showed that defendant in that case was the cause of the delay between adjudications. Additionally, the court cited with approval the case of *Trimboli v Scarpaci Funeral Home* (37 AD2d 386, 389, *affd on opn below* 30 NY2d 687), wherein it stated: "Hence, the delay in the rendition of damages may properly be charged against the party causing it, in considering the allowance of interest". That language has led this and other courts to the conclusion that the award of interest is to be determined in accordance with the relative degrees of fault for delay. In *Viscomi v Kresge Co.* (149 AD2d 979, *lv denied* 76 NY2d 708), an analogous case where a retrial was ordered on the issue of damages only, this court, in declining to award plaintiffs interest from the liability determination, stated (at 980): "Although the Court of Appeals has held that plaintiffs in bifurcated trials are entitled to interest on damages from the date of the verdict on liability when defendants have taken concededly lawful appeals, defendants' fault for the delays appears to have been a prerequisite to the recovery of interest by plaintiffs *(see, Gunnarson v State of New York,* 70 NY2d 923; *Trimboli v Scarpaci Funeral Home,* 37 AD2d 386, *affd on opn below* 30 NY2d 687)." *(See also, Malkin v Wright,* 64 AD2d 569; *Monette v Bonsall,* 29 AD2d 839; *Zegman v State*

*of New York,* 99 Misc 2d 473; *Lindwall v Talent Cab Corp.,* 51 Misc 2d 381, *affd* 27 AD2d 647.)*

While such a test may readily be workable in instances where one of the parties is at fault for the delay, it does not apply to an instance, as in this case, where neither party was at fault. Further, such a rule is difficult to apply in cases involving multiple parties. Fault is a relative term, not always easy to determine or assess. We do not think it wise, as a general rule, to require a court to make factual determinations on the issue of fault for each period of delay prior to an award of damages in order to determine the number of days for which interest should be awarded.

The purpose of interest is to compensate a person who has been temporarily deprived of the use of moneys to which he or she is entitled. In this regard, Justice Fein, in his concurring opinion in *Malkin v Wright* (64 AD2d 569, 571, *supra)* correctly notes that, once there has been a liability verdict, plaintiff's loss has been established with only the amount to be fixed. By directing defendant to pay interest from the date of the liability determination, plaintiff is made whole for defendant's use of the money during that period *(see, Malkin v Wright, supra).* Once a judicial determination has been made that a party has been wrongfully injured by another, it will, except in rare cases, trigger the commencement of the period for which interest is to be awarded as a matter of law.

Neither *Gunnarson (supra)* nor *Trimboli (supra)* requires a contrary result. In *Gunnarson* the Court of Appeals did not specifically state that interest may be awarded only against a party causing the delay but, rather, reiterated the rule in *Trimboli* that interest should be calculated from the date of the liability adjudication in bifurcated trials. Additionally, the court in *Trimboli (supra,* at 389) notes that awarding interest from the date of the liability adjudication is appropriate because it indemnifies the plaintiff for the payment of what was due.

No injustice will result from our determination that assessment of fault will not ordinarily be the determining factor in making an award of interest. A defendant has ample means

---

* *See also,* 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.07, wherein it is stated that preverdict interest in personal injury actions "may be relaxed to a certain extent where there are separate trials on the issues of liability and damages and there is a substantial delay between the determination of liability and the setting of damages. The availability of interest will usually depend upon deciding which party bears responsibility for the delay".

available to limit the period of time between the determination of liability and the assessment of damages by employing the existing statutory provisions and court rules which govern both trial and appellate procedures *(see, e.g.,* CPLR 3403 [a] [3]; 22 NYCRR 202.42 [e]; Rules of App Div, 4th Dept [22 NYCRR] § 1000.3).

For the above-stated reasons, we affirm the Court of Claims' award of interest from the date of the determination of liability.

We have reviewed the other issues raised by the parties and find them lacking in merit.

PINE, J. (concurring). I concur in the holding that plaintiff, who had no responsibility for the delay between the determinations of liability and damages in this bifurcated trial, is entitled to interest from the date of the liability determination. However, for the reasons that follow, I cannot agree with the majority that interest should ordinarily be awarded from the date of the liability determination in a bifurcated trial, regardless of responsibility for any delay. Indeed, I see no reason for the majority to extend its interpretation of the law on this issue beyond the facts present in this case.

Our holding in *Viscomi v Kresge Co.* (159 AD2d 979) was that plaintiff was not entitled to interest from the date of the verdict on liability because, having cross-appealed, she was as responsible for any delay as defendant. That holding is in no way incompatible with holding here that, where plaintiff did not cause the delay, plaintiff is entitled to interest from the date of the liability determination. In *Viscomi* we relied on *Gunnarson v State of New York* (70 NY2d 923) and *Trimboli v Scarpaci Funeral Home* (37 AD2d 386, *affd on opn below* 30 NY2d 687); in both cases, interest was awarded to the plaintiffs where defendants were at fault for the delay. In *Gunnarson,* the court stated that it was reaffirming *Trimboli*'s "prudent rationale and holding" (70 NY2d, at 925), and in *Trimboli,* the Second Department wrote, "Hence, the delay in the rendition of damages may properly be charged against the party causing it, in considering the allowance of interest" (37 AD2d, at 389). *Gunnarson* and *Trimboli* were interpreted pursuant to the fundamental principle of case law interpretation that cases serve as precedents only to the extent that they decide questions at issue, and that statements in a court's writing must be evaluated according to the facts of the case before the court *(see, Hogan v Board of Educ.,* 200 NY 370, 373).

The facts presented in this case differ from those in *Gunnarson, Viscomi* and *Trimboli (supra)* because here no party is responsible for the delay between the determinations of liability and damages. Although there is no appellate authority in point on this issue *(see, Zegman v State of New York,* 99 Misc 2d 473 [neither party responsible for delay but plaintiff not entitled to interest from liability verdict]), the majority goes beyond the issue before it and states a general rule that, except in rare cases, interest begins to run from the date on which liability is determined without regard to fault for any delay. In fact, the majority relies heavily on the concurring opinion by Justice Fein in *Malkin v Wright* (64 AD2d 569, 571). However, Justice Fein recognized therein that he was constrained by *Trimboli* and *Lindwall v Talent Cab Corp.* (51 Misc 2d 381, *affd* 27 AD2d 647) to adopt a fault approach, holding that plaintiff was not entitled to interest from the date of the liability determination because she caused the delay by appealing the denial of her motion to increase her ad damnum clause.

While I agree with the majority insofar as it holds that plaintiff is entitled to interest where neither party has caused the delay, and where defendant has caused the delay (as in *Gunnarson, supra),* I cannot agree with the majority that a plaintiff is usually entitled to interest from the date on which liability is determined even where plaintiff is responsible for the delay. Like Justice Fein in *Malkin v Wright (supra),* I find that *Trimboli (supra),* which was affirmed by the Court of Appeals on the opinion below, is authority that a party's fault for the delay is determinative of entitlement to interest. *Trimboli,* which was expressly "reaffirmed" by the Court of Appeals in *Gunnarson,* held that "the delay in the rendition of damages may properly be charged against the party causing it, in considering the allowance of interest" (37 AD2d, at 389).

DENMAN, J. P., BOOMER and BALIO, JJ., concur with LAWTON, J.; PINE, J., concurs in a separate opinion.

Judgment affirmed, with costs.