OPINION OF THE COURT
Lewis R. Friedman, J.
Plaintiffs move to resettle the judgment entered on August 22, 1990.
On December 4, 1987 the jury rendered its verdict in favor *963 of plaintiffs on the liability phase of a bifurcated trial. That day Justice Lebedeff granted defendant’s motion to set aside the verdict and ordered dismissal. Defendant entered judgment on July 14, 1988. Plaintiff appealed. On July 13, 1989 the Appellate Division, First Department, reversed the dismissal and reinstated the verdict (Krause v City of New York, 152 AD2d 473). On August 2, 1990, after a trial before this court, the jury rendered a verdict on damages. In the judgment entered August 22 the clerk included interest only from the date of the damages verdict. Plaintiffs seek interest from the date of the jury verdict on liability. Defendant contends that interest was calculated properly.
The Uniform Rules for Trial Courts favor bifurcated trials (22 NYCRR 202.42 [a]; cf., CPLR 4011). One of the results of bifurcation has been extensive litigation over the date on which interest shall be computed where there is a delay between the two phases of the trial. The resolution of what date should be used for the computation of interest is not free from doubt since the cases contain conflicting language.
CPLR 5002 provides for the recovery of postverdict prejudgment interest. The Court of Appeals has definitively interpreted CPLR 5002 by stating that "interest should be calculated from the date of the liability adjudication in bifurcated trials” (Gunnarson v State of New York, 70 NY2d 923, 924; Trimboli v Scarpaci Funeral Home, 37 AD2d 386, affd on opn below 30 NY2d 687).[1] An award of interest is to compensate a person for the failure to pay money which is due even though the amount has not yet been determined (Trimboli v Scarpaci Funeral Home, supra; Malkin v Wright, 64 AD2d 569, 571 [Fein, J., concurring]; Love v State of New York, 164 AD2d 155, 157).
The application of that rule should be straightforward. However, dictum in recent decisions seems to continue the former rule that interest is paid to plaintiff only if defendant caused the delay. In the older cases the courts had scrutinized the facts to determine which party was at fault in causing the delay. For example, in Lindwall v Talent Cab Corp. (51 Misc 2d 381, affd 27 AD2d 647) the court refused to award interest from the liability finding to a plaintiff who had not stipulated to reduce damages after the first trial (cf., Monette v Bonsall, *964 29 AD2d 839, where the court explicitly held that interest could be used to penalize a party for delay).
The fault rule seems to have survived because the Appellate Division decision in Trimboli (supra [upon which the Court of Appeals affirmed]) explained the delay caused by the defendant and commented "[h]ence, the delay in the rendition of damages may properly be charged against the party causing it, in considering the allowance of interest” (37 AD2d, at 389). That language is obviously dictum, but has been relied on by courts to require a fault determination in every case (Viscomi v Kresge Co., 159 AD2d 979; cf., 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.07). Indeed, in Malkin v Wright (supra), the First Department felt constrained to follow Lindwall (supra) even though its rationale had apparently been undercut by Trimboli. The Malkin court held that where a plaintiff appealed the denial of a motion to increase the ad damnum, the delay should be charged to the party causing it and interest was allowed only from the date of the damages verdict (64 AD2d, at 570). Although four Justices joined the main opinion in Malkin, Justice Fein, in a concurrence for four Justices, would have abandoned the fault rule (64 AD2d, at 571). The Court of Appeals did not clarify matters in Gunnarson v State of New York (supra). Although the court was unequivocal in stating "the Trimboli rule should be uniformly applied” (70 NY2d, at 925), the court supported its decision by an analysis of the defendant’s responsibility for the delay and discussed the advantages given to the State when it appeals and obtains a stay of proceedings. The court "reaffirmed]” Trimboli’s "prudent rationale and holding” (70 NY2d, at 925). Since Trimboli, including its dictum as to fault, was reaffirmed, the Fourth Department has concluded that Gunnarson also "reaffirmed” the fault rule (Viscomi v Kresge Co. supra).
Courts have struggled to determine fault without much success. This court concludes that the Court of Appeals holding, that interest should be awarded from the date of the liability finding, should be applied; however, the court’s implied ratification of the Trimboli dictum should be disregarded. Further, the courts should directly acknowledge that the fault rule is simply unworkable. Delay need not be the fault of either party. In Love v State of New York (supra) and Zegman v State of New York (99 Misc 2d 473) delay resulted only from the trial court’s scheduling difficulties. In the case at bar, it is not possible to allocate all fault to either party. Defendant delayed entering the judgment of dismissal for *965 seven months. Plaintiffs were justified in their timely appeal from that judgment. Without doubt, the delay in the appellate process cannot be ascribed to either side. Delay in commencing the damages trial resulted from the court’s trial backlog.[2] The facts here illustrate just how artificial and unproductive the analysis of fault can be. Moreover, a fault analysis does not relate to the reason for the award of interest — to compensate a plaintiff for the defendant’s use of plaintiff’s funds. The plaintiff lacks access to the money while defendant has use of it, regardless of fault. Once liability is determined, the unliquidated nature of the obligation does not change the equity of the result (Gunnarson v State of New York, supra, 70 NY2d, at 924; Malkin v Wright, supra).
This court concludes that the Court of Appeals language in Gunnarson (supra) does not change its unequivocal holding; the court’s decision to “reaffirm” Trimboli (supra) obviously refers to Trimboli’s holding and not its dictum. Merely because the Court of Appeals discussed the fairness of its conclusion by showing defendant’s responsibility for the delay, does not mean that the court undercut its holding. Indeed, the decision obviously did not turn on whether the State was at fault for taking an appeal and obtaining a statutory stay. The inescapable conclusion is that Gunnarson does not support the line of cases and those cases should not be followed (see, Love v State of New York, supra; but see, Gonzalez v City of New York, 148 AD2d 668). The general rule should be applied regardless of fault.
The second issue in this case is whether interest should be computed from the date of the jury verdict or from the Appellate Division decision reinstating it. Clearly the verdict must be the measuring point. Once the jury determined liability the defendant had an inchoate obligation to pay plaintiff. When the Appellate Division found error in the decision to set aside the verdict, the verdict was reinstated. That is, the Appellate Division ”grant[ed] the judgment which the court below should have granted” (McAvoy v Harron, 26 AD2d 452, 454, affd 21 NY2d 821; Cooperman v Ferrentino, 38 AD2d 945; Berg v Cacoulidis, 123 AD2d 807; 7 Weinstein- *966 Korn-Miller, NY Civ Prac ¶¶ 5522.02, 5522.04). Nothing in the appellate decision affected the date of the verdict.
This case differs from those where an original decision in favor of plaintiff was set aside on appeal. In those cases the defendant’s liability was not fixed until after the second trial; the first trial therefore became a nullity and did not determine the date for the computation of interest (e.g., Haddock v City of New York, 142 Misc 2d 859; Barry v Manglass, 77 AD2d 887, affd 55 NY2d 803). In Cooperman (supra) the Second Department found that an erroneous decision by the trial court could simply be disregarded. After a jury trial the court had entered judgment against one defendant and directed dismissal of the case against the second. The appellate court reversed, directed the entry of judgment against the second defendant and permitted interest to run against the second defendant from the date of the liability verdict which had been set aside. The logic of those cases, when applied to the case at bar, leads to the conclusion that since the order vacating the jury verdict became a nullity it should be disregarded in determining the interest date.
The motion to resettle the judgment to allow interest as of December 4, 1987 is granted.

. The court specifically disapproved Brock v State of New York (77 AD2d 670) on which defendant here relies (Gunnarson v State of New York, 70 NY2d 923, 924).

. The trial backlog in this IAS Part is primarily due to the Corporation Counsel’s allocation of only a small number of attorneys despite the large number of cases to be tried. Frequently no Assistant Corporation Counsel is available for trial. In this case plaintiff was also unable to proceed for a short time.