OPINION OF THE COURT
 

 Titone, J.
 

 The question presented on this appeal is whether the claimant in this bifurcated personal injury action against the State was properly awarded prejudgment interest from the date of the decision establishing liability, rather than the date of the decision fixing damages, even though the State was not responsible for the extended delay in the assessment of damages. For the reasons that follow, we conclude that interest was correctly calculated from the date of the liability adjudication.
 

 Claimant commenced this action in the Court of Claims to recover for personal injuries allegedly suffered as a result of the State’s negligence. The trial which followed was bifurcated, with the issue of liability being decided in claimant’s favor on November 4, 1988. The State did not appeal from the interlocutory judgment on liability that was subsequently entered. Nonetheless, a decision fixing claimant’s damages was not rendered by the court until November 29, 1989 — more than 10 months after the trial on damages had concluded. The
 
 *542
 
 precise cause of the delay is unclear, but it is undisputed that neither party was responsible. When final judgment was thereafter entered it included prejudgment interest, pursuant to CPLR 5002, calculated from the date of the liability determination.
 

 On appeal, the Appellate Division rejected the State’s contention that its lack of blame for the delay in the trial court’s assessment of claimant’s damages relieved it of its obligation to pay interest from the date of the liability determination. The court concluded that, except in rare instances, prejudgment interest in bifurcated trials should be calculated from the date liability is adjudicated regardless of whose fault it is that the court’s fixing of damages is delayed. This Court subsequently granted the State leave to appeal. We now affirm.
 

 A successful plaintiff’s entitlement to interest on a civil damages award is, in general, governed by CPLR article 50. While the plaintiff in a personal injury action is not entitled to recover interest from the date the cause of action accrued (CPLR 5001 [a];
 
 see,
 
 3d Preliminary Report of Advisory Comm on Practice and Procedure, 1959 NY Legis Doc No. 17, at 88), interest may be recovered "upon the total sum awarded” under CPLR 5002 "from the date the verdict was rendered * * * to the date of entry of final judgment.”
 
 [1]
 
 While the application of this provision is straightforward in the usual case, it poses special difficulties in bifurcated trials, where the issues of liability and damages are tried seriatim
 
 (see,
 
 Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1991 Supp Pamph, CPLR 5002, at 529). Inasmuch as there are actually two verdicts in such trials — the first concerning liability and the second concerning damages, the proper application of CPLR 5002’s rule computing interest from "the date the verdict was rendered” becomes somewhat problematic.
 

 In
 
 Trimboli v Scarpaci Funeral Home
 
 (30 NY2d 687,
 
 affg on opn below
 
 37 AD2d 386), we answered one early question that arose in connection with the right of a defendant in a bifurcated trial to appeal from the interlocutory determination of liability
 
 [2]
 
 and to obtain a stay pending that appeal, thereby delaying the assessment of damages. We held that under such
 
 *543
 
 circumstances prejudgment interest under CPLR 5002 begins to accrue on the date of the verdict fixing liability, rather than the date that the verdict assessing damages is rendered. In reaching that conclusion, we noted first that the intent of the statute authorizing prejudgment interest "is to indemnify the plaintiffs for the nonpayment of what is due to them”
 
 (id.,
 
 at 389). Second, we observed that since the defendants had appealed from the interlocutory judgment on liability and had obtained a stay of the trial on damages pending that appeal, "the delay in the rendition of damages may properly be charged against the party causing it”
 
 (id.,
 
 at 389).
 
 [3]
 

 Our holding in
 
 Trimboli
 
 has been widely interpreted as establishing fault as the touchstone for determining in all cases whether interest should run from the date of the liability verdict or the date of the verdict on damages
 
 (see, Viscomi v Kresge Co.,
 
 159 AD2d 979, 980;
 
 Gonzalez v City of New York,
 
 148 AD2d 668, 673-674;
 
 Brock v State of New York,
 
 77 AD2d 670, 671;
 
 Malkin v Wright,
 
 64 AD2d 569, 571;
 
 Zegman v State of New York,
 
 99 Misc 2d 473, 475-476; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5002.03, at 50-53;
 
 see also, Lindwall v Talent Cab Corp.,
 
 51 Misc 2d 381,
 
 affd
 
 27 AD2d 647;
 
 Brizer v City of New York,
 
 51 AD2d 791;
 
 cf., Beyer v Murray,
 
 33 AD2d 246). A number of courts, however, have expressed skepticism over whether a plaintiff’s right to prejudgment interest should be made to turn on the issue of fault
 
 (see, Brock v State of New York, supra,
 
 at 671;
 
 Malkin v Wright, supra,
 
 at 570-571 [Fein, J., concurring]), and a few have even questioned whether
 
 Trimboli
 
 actually requires such a result
 
 (Krause v City of New York,
 
 149 Misc 2d 962;
 
 see, Viscomi v Kresge Co., supra,
 
 at 980 ["fault for the delays
 
 appears to have been
 
 a prerequisite to the recovery of interest by plaintiffs” (emphasis supplied)]).
 

 On this appeal, the State urges us to follow in the steps of those courts which have broadly read
 
 Trimboli
 
 as requiring a fault-based analysis whenever a plaintiff’s right to prejudgment interest is at issue. To hold otherwise, argues the State, would be to penalize a defendant by requiring it to pay interest from the date of the liability determination even though it was not responsible for the delay in the assessment
 
 *544
 
 of plaintiffs damages. We find this argument to be unpersuasive.
 

 Contrary to the State’s contention, interest is not a penalty. Rather, it is simply the cost of having the use of another person’s money for a specified period
 
 (see,
 
 Siegel, NY Prac § 411, at 623 [2d ed]). It is intended to indemnify successful plaintiffs "for the nonpayment of what is due to them”
 
 (Trimboli v Scarpaci Funeral Home, supra,
 
 at 389), and is not meant to punish defendants for delaying the final resolution of the litigation. It accordingly follows that responsibility for the delay should not be the controlling factor in deciding whether interest is to be computed from the date of the liability verdict or, instead, from the date of the verdict on damages.
 

 Rather, what is dispositive on this point is when the plaintiffs right to be compensated for the damages he or she sustained becomes fixed in law. In a bifurcated trial, the plaintiffs right to be made whole becomes fixed when the verdict holding the defendant liable is rendered. At that point, the defendant’s obligation to pay the plaintiff is established, and the only remaining question is the precise amount that is due. The fact that damages are not yet liquidated is of no moment. As we explained in
 
 Gunnarson v State of New York
 
 (70 NY2d 923, 924), plaintiffs are entitled "to be compensated with interest for the delay in payment of the principal award certainly due them [even though] * * * the amount remain[s] uncertain.” And, there is no logical objection to permitting the plaintiff to recover interest "retroactively]”
 
 (id.,
 
 at 924), after damages are computed. Indeed, as the concurrers in
 
 Malkin v Wright (supra,
 
 at 571 [Fein, J., concurring]) observed, interest in breach of contract cases is always measured from the "earliest ascertainable date the cause of action existed” (CPLR 5001 [b]), regardless of whether damages are liquidated or unliquidated. The need to compute damages in such cases has never been regarded as an obstacle to measuring the accrual of interest from a date well in advance of the rendition of the final damages verdict. There is no reason why it should be an obstacle here.
 

 Accordingly, it follows that, if plaintiffs are to be fully compensated for their losses in bifurcated trials, prejudgment interest must be calculated from the date that liability is established regardless of which party is responsible for the delay, if any, in the assessment of the plaintiffs damages. Such a result undercuts the objection voiced by some that
 
 *545
 
 defendants in bifurcated trials should not be "penalized” for exercising a legitimate right ordinarily enjoyed by all litigants —i.e., the taking of an interlocutory appeal
 
 (see, Brock v State of New York, supra,
 
 at 671;
 
 see also, Malkin v Wright, supra,
 
 at 571 [Fein, J., concurring]). As previously noted, the defendant is not being "penalized” by the assessment of interest during the pendency of the appeal; rather, the defendant is merely being directed to repay the plaintiff for the use of the plaintiff’s money that the defendant enjoyed during that period.
 

 In this regard, it is worthy of note that the defendant, who has actually had the use of the money, has presumably used the money to its benefit and, consequently, has realized some profit, tangible or otherwise, from having it in hand during the pendency of the litigation. There is thus nothing unfair about requiring the defendant to pay over this "profit” in the form of interest to the plaintiff, the party who was entitled to the funds from the date the defendant’s liability was fixed. Indeed, inasmuch as the defendant was not entitled to the use of the money from the moment that liability was established, a rule that would permit the defendant to retain the cost of using the money (i.e., interest) would provide the defendant with a windfall. Such a result is unacceptable irrespective of which party causes the delay. Regardless of who is responsible, the fact remains that the plaintiff has been deprived of the use of money to which he or she was entitled from the moment that liability was determined. That is a loss for which the plaintiff should be compensated.
 

 In sum, we conclude that in a bifurcated personal injury action prejudgment interest under CPLR 5002 should be calculated from the date of the liability determination irrespective of whose fault it may be that the assessment of the plaintiff’s damages is delayed. Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . Interest from the date of entry of the final judgment until the date of payment is recoverable under CPLR 5003.
 

 [2]
 

 . See, Fortgang v Chase Manhattan Bank
 
 (29 AD2d 41).
 

 [3]
 

 . The
 
 Trimboli
 
 holding was reaffirmed and extended 15 years later in
 
 Gunnarson v State of New York
 
 (70 NY2d 923), where we concluded that it should be applied to the State when it has taken an interlocutory appeal and, as a result of the automatic stay provisions of CPLR 5519 (a) (1), has delayed the assessment of damages.