■ GREGORY KWAS et al., Appellants-Respondents, v LORETTA DeROSE, Respondent-Appellant, et al., Defendants. [668 NYS2d 499] —In an action to recover damages for personal injuries and property damage, the plaintiffs appeal, as limited by their brief, and on the ground of inadequacy, from so much of a judgment of the Supreme Court, Suffolk County (Floyd, J.), dated June 12, 1996, as, upon the granting of the motion of the defendant Loretta DeRose to dismiss the plaintiffs' ninth and tenth causes of action, and upon a jury verdict, was in favor of the plaintiff Bonnie Miller and against the defendant Loretta DeRose only in the principal sum of $25,000, and in favor of them and against the defendant Loretta DeRose only in the principal sum of $15,600. The defendant Loretta DeRose cross-appeals, as limited by her brief, from so much of the judgment as was in favor of the plaintiff Bonnie Miller and against her in the principal sum of $25,000 on the cause of action to recover damages for assault, and awarded interest from the date of the assault.

Ordered that the appeal by the plaintiff Gregory Kwas from so much of the judgment as was in favor of the plaintiff Bonnie Miller and against the defendant Loretta DeRose only in the principal sum of $25,000 is dismissed, without costs or disbursements, as he is not aggrieved by that portion of the judgment (see, CPLR 5511); and it is further,

Ordered that the judgment is modified, on the law, by deleting that portion of the first decretal paragraph which states, "together with interest from May 4, 1989, in the amount of $16139.20, for a total of $41139.20", and substituting therefor a provision which awards interest from the date of the verdict, December 14, 1995; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for computation of the interest award.

The court's rulings as to the nature of the relationship between the defendants Loretta DeRose and George McNulty, as well as the nature of the agreement between the plaintiffs and the defendant Loretta DeRose, are supported by the record. Accordingly, the court properly dismissed the plaintiffs' ninth and

tenth causes of action as a matter of law. Moreover, the plaintiffs have not demonstrated that they were prejudiced by the court's rulings with respect to the elicitation of lay testimony as to the value of their housebarge. The plaintiffs' claims as to the court's alleged hostility toward their counsel is not borne out by the record.

The computation of interest on the cause of action to recover damages for assault should run from the date the verdict was rendered, in this case, December 14, 1995, and not, as determined by the court, from the date of the accrual of the action (*see,* CPLR 5002; *Love v State of New York,* 78 NY2d 540, 542).

The remaining contentions raised on the cross appeal are without merit. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.