**ZHEJIANG TONGXIANG IMPORT & EXPORT CORPORATION,**
**Plaintiff,**

v.

**ASIA BANK, N.A., Defendant.**

**No. 98 Civ. 8288(JES).**

United States District Court,
S.D. New York.

Jan. 13, 2005.

470

Williams, Kastner & Gibbs PLLC, Seattle, WA, for Plaintiff Zhejiang Tongxiang Import & Export Corp., Jerry B. Edmonds, of counsel.

Quesada & Moore LLP, West Hempstead, NY, for Plaintiff Zhejiang Tongxiang Import & Export Corp., Victoria E. Quesada, of counsel.

Lamb & Barnosky, LLP, Melville, NY, for Defendant Asia Bank, N.A., Joel M. Markowitz, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

The present controversy involves the correct method of computing interest under Article 50 of New York's Civil Practice Law and Rules in a conversion action in which summary judgment as to one aspect of liability was granted almost four years prior to any decision on damages. Because this Court finds that significant issues of causation were left undetermined in the summary judgment opinion, it agrees with defendant that statutory interest should be determined on a straight line, and should not, in effect, be compounded by operation of C.P.L.R. section 5002.

## BACKGROUND

Plaintiff, Zhejiang Tongxiang Import & Export Corporation, brought this action to recover for the wrongful surrender of a bill of lading by defendant, Asia Bank, N.A. In an opinion issued by Judge Martin dated January 25, 2001, summary judgment "on the issue of liability" was granted in favor of plaintiff. *See* 2001 WL 66331, at *4–5, 2001 U.S. Dist. LEXIS 623, at *13. The case was reassigned to this Court in August 2003, and a Bench Trial to determine issues of causation and damages was held on June 8–9, 2004. At the conclusion of Summation on November 8, 2004, this Court determined on the record that "as a matter of fact ... the plaintiff was not negligent in this case, but if they were negligent, their negligence played no part in causing [their] injury." Tr., dated Nov. 8, 2004, at 16–17 ("Summation Tr."). The Court directed plaintiff to submit a proposed judgment which is the subject of the present controversy.

By letter dated November 24, 2004, plaintiff submitted a proposed judgment

that requested damages in the amount of $978,876.84 plus $179.99 interest for each day until judgment was entered. That figure constituted $518,130.00 in actual damages plus statutory interest calculated for two distinct periods of time. Interest in the amount of $211,822.90 was proposed from the date defendant converted plaintiff's bill of lading, July 12, 1996, until Judge Martin's decision on January 25, 2001, and interest computed on that interest and the actual damages was requested in the amount of $248,923.94 for the period from Judge Martin's decision until this Court's ruling on November 8, 2004. By letter dated December 1, 2004, defendant objected to this method of calculation, arguing that this compounding of interest would provide a windfall to plaintiff. Without compounding, total damages would amount to $906,642.33—a difference of $72,234.51.

## DISCUSSION

Prejudgment interest is provided for in C.P.L.R. sections 5001 and 5002. Under section 5001, in certain types of actions, including the conversion action at issue here, "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed," and shall run until "the date the verdict was rendered or the report or decision was made, and included in the total sum awarded." N.Y. C.P.L.R. 5001.

Upon entry of the verdict or decision of the court, interest is provided for under C.P.L.R. section 5002. That section provides that "[i]nterest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment." N.Y. C.P.L.R. 5002.

Defendant contends that despite the plain language of the statute, interest should not be awarded upon "interest to verdict" in an action such as this, where the trials on liability and damages are bifurcated and where pre-verdict interest is available, since, given the statutory interest rate of nine percent, N.Y. C.P.L.R. 5004, to do so would amount to a windfall to plaintiff. *See* Letter of Joel M. Markowitz, dated Dec. 1, 2004.

■ Although reported case law focuses primarily on personal injury actions, in which pre-verdict interest is not available under C.P.L.R. section 5001, *see Love v. State,* 78 N.Y.2d 540, 583 N.E.2d 1296, 577 N.Y.S.2d 359 (1991), the statute clearly requires the awarding of interest for the period between the verdict or decision and the entry of judgment in those cases where "interest to verdict" is available, N.Y. C.P.L.R. 5002; *see United States Fire Ins. Co. v. Fed. Ins. Co.,* 858 F.2d 882, 889 (2d Cir.1988); *In re Kovler,* 253 B.R. 592, 595, 602 (Bankr.S.D.N.Y.2000) (awarding interest for both periods of time in a breach of contract case where liability and damages were bifurcated); *see also* David D. Siegel, Practice Commentaries, McKinney's Cons.Laws of N.Y., Book 7B, C.P.L.R. 5003 (stating that there is "compounding that occurs when a money obligation steps from the CPLR 5001 to the CPLR 5002 category"). Therefore, this Court cannot agree with defendant that this type of case is not one in which interest for both periods of time should be available.

■ Despite the availability of interest for both periods of time in cases such as this, plaintiff cannot benefit from the post-verdict or—decision interest that it seeks pursuant to C.P.L.R. section 5002 unless Judge Martin's January 25, 2001 summary judgment opinion is deemed a "verdict, report or decision" under the statute. N.Y. C.P.L.R. 5002.

**472**

In making that determination, the Court must look to see if that opinion represented the point at which "plaintiff's right to be compensated for the damages [it] sustained bec[a]me[ ] fixed in law." *Love*, 78 N.Y.2d at 544, 583 N.E.2d at 1298, 577 N.Y.S.2d at 361. In bifurcated trials this occurs "when the verdict holding the defendant liable is rendered," since at that point "the defendant's obligation to pay the plaintiff is established, and the only remaining question is the precise amount that is due." *Id.*, 583 N.E.2d at 1298, 577 N.Y.S.2d at 361.

However, in this case, although Judge Martin's opinion granted summary judgment for plaintiff "on the issue of liability," *see* 2001 WL 66331, at *4–5, 2001 U.S. Dist. LEXIS 623, at *13, that opinion did not represent the point at which the sole remaining question to be answered was the amount of money that defendant owed plaintiff. For example, Judge Martin's ruling did not resolve the significant issue of whether defendant's actions were the cause of plaintiff's injury or whether plaintiff itself was the sole cause of the damages it suffered. *Id.* at *4–5, 2001 U.S. Dist. LEXIS 623, at *13–15. In fact, the June 2004 Trial held before this Court had little or nothing to do with "disputes concerning the amount" of damages, Summation Tr. at 17, but dealt entirely with the issue of which party caused the injury suffered. In light of these completely unresolved questions of causation, it cannot be said that Judge Martin's decision represented the point at which plaintiff's right to compensation became "fixed in law." *Love*, 78 N.Y.2d at 544, 583 N.E.2d at 1298, 577 N.Y.S.2d at 361.

Therefore, since interest pursuant to C.P.L.R. section 5002 did not commence until this Court's ruling after Summation, the Court agrees with defendant that interest should be computed on a straight line from July 12, 1996 through November 8, 2004.

## CONCLUSION

Based on the foregoing, plaintiff is not entitled to C.P.L.R. section 5002 interest commencing on the date of Judge Martin's summary judgment opinion. The Court therefore directs the Clerk of the Court to enter judgment for plaintiff in the amount of $906,642.33, and, pursuant to C.P.L.R. section 5002, an additional $223.56 should be added for each day between November 9, 2004 and the entry of final judgment.

It is SO ORDERED.