## Gelwan v Youni Gems Corp.

2024 NY Slip Op 30126(U)

January 10, 2024

Supreme Court, New York County

Docket Number: Index No. 653656/2013

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>Hon. James d'Auguste</u>                    PART    55

                                    *Justice*

------------------------------------------------------------------X

LLOYD A. GELWAN, SABHARWAL & ASSOCIATES,

                    Plaintiff,

                    - v -

YOUNI GEMS CORPORATION, YOUNATAN AHARON,
DAVID AHARONI, YOSSEF AHARONI,

                    Defendants.

------------------------------------------------------------------X

| INDEX NO. | 653656/2013 |
|---|---|
| MOTION DATE | 08/16/2023 |
| MOTION SEQ. NO. | 014 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 014) 278, 279, 280, 281, 282, 283, 284, 285, 286, 287, 288, 289

were read on this motion to/for               ENTRY OF JUDGMENT ON ARREARS               .

Upon the foregoing documents, the motion is granted to the extent set forth in the discussion below.

**Background:**

This action involves a fee dispute between an attorney and his former clients which had purportedly been resolved by a settlement agreement reached by the parties, and which had been transcribed, so ordered by this Court on July 11, 2019, and docketed on September 11, 2019 (Settlement Agreement or Agreement) (NYSCEF Doc No. 281). Non-movant Sabharwal & Associates (S&A) is a law firm in Manhattan, with which plaintiff/movant Lloyd A. Gelwan ("Gelwan") collaborated, under a contingent fee agreement (Contingent Fee Agreement), in representing defendants in yet another action, captioned *Youni Gems Corporation v Bassco Creations Incorporated, et al.*, Index No. 603053/2002 (the *Bassco* Action).

This action premised on Gelwan's claims against defendants for legal fees owed to him under the Contingent Fee Agreement, and for other fees owed to him in his continued representation of

**653656/2013 GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION**
**Motion No. 014**

**Page 1 of 10**

1 of 10

[* 1]

defendants in the *Bassco* Action, including subsequent proceedings for execution and holdover tenant eviction, and appeal (*Bassco* Appeal) (see Complaint, ¶¶11-37). Gelwan contends that, as the result of defendants' continuing refusal to pay legal fees owed, he and his appellate co-counsel moved to withdraw from representation of the defendants in the *Bassco* Appeal, which motion was granted by the Appellate Division on August 25, 2009 (*id.* ¶¶38-41). Defendants retained new counsel and, in 2010, prevailed in the *Bassco* Appeal (*id.* ¶¶42-43).

Gelwan asserted several causes of action against defendants in this, including claims for breach of contract, an attorney charging lien, and a declaration that, by virtue of the Contingency Agreement, he and S&A are owed one-third of any money defendants recover in connection with *Bassco* Action and the *Bassco* Appeal, whether obtained through settlement or satisfaction of judgment (*id.* ¶¶50-132).

**The Settlement Agreement**

In motion sequence number 014, e-filed on May 3, 2023, Gelwan filed a proposed order to show cause, with supporting papers, seeking entry of a judgment against the defendants under CPLR Rule 5016(a) (NYSCEF Doc No. 278). The supporting papers included a proposed judgment (NYSCEF Doc 280) and a copy of a transcript of a hearing held before Justice Charles E. Ramos on July 11, 2019, which was "so ordered" on September 11, 2019 (NYSCEF Doc No. 281), in which Gelwan (appearing pro se) and defendants' counsel memorialized their Settlement Agreement. The transcript states, in pertinent part:

> Mr. Miller:[1]   "This is the settlement, as I understand. I would ask everyone to pay attention. If I'm wrong, speak now or forever hold your peace.
>
> The defendants agree to pay the plaintiffs in settlement of all claims, counterclaims, cross claims, known or unknown, liquidated or contingent at law or at equity that were actually raised or could have been raised in connection with the representation of [the

---

[1]   Jeffrey H. Miller, Esq. appeared on the record as counsel to the defendants, as did Boris Kogan, Esq.

653656/2013  GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION
Motion No. 014

Page 2 of 10

2 of 10

[* 2]

defendants by] Mr. Gelwan and Sabharwal & Associates, the plaintiffs here and in the triple A.

In consideration of these claims, the defendants agree to pay the plaintiff the total sum of $200,000 as follows:

Within 30 days of the date hereof, the defendants will pay the plaintiff $10,000. When Mr. Gelwan speaks, he can instruct us, either on or off the record, how he would like those funds paid.

The balance of $190,000 will be due 18 months thereafter. *The balance will not accrue at any interest rate [sic]*; and, to the extent that the defendants breach in either of those two payments the plaintiff will give notice of breach with five days opportunity to cure to counsel of record in this case. Counsel for the plaintiff will give that notice by e-mail is sufficient [sic].

If there is no cure within the time allotted, the plaintiff is entitled to enter judgment in the amount of $200,000. The defendants waive any defense to such a judgment.

To be clear, this is a complete settlement of all claims against the defendants as broadly defined as possible. It includes the defendants, officers, directors, shareholders, heirs, assigns, children and the like, although I don't believe any claims have been asserted against anybody else.

Mr. Gelwan?

Plaintiff:     If that is a question, I'm not aware of any claims against anybody else.

Mr. Miller:     So, this is a complete waiver. Agents, attorneys, assigns. This is as complete as it can be of anything arising out of the representations of Mr. Gelwan against the defendants herein. I don't think I missed anything with respect to the settlement. Did I?

Plaintiff:     No, you did not"

(Tr. 19:6 to 20:25 [emphasis added]).

Following discussions off the record, Mr. Miller informed the Court that the parties would allocute to the terms of their settlement (*id.* 21:17-18). Mr. Kogan then asked that a provision be added to their Agreement stating that the 2013 Action is to be marked settled (*id.* 21:21-22). In response,

**653656/2013  GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION**
**Motion No. 014**

**Page 3 of 10**

3 of 10

[* 3]

Justice Ramos stated that he would inform Justice d'Auguste that the parties had settled the matter on the record before him (*id.* 21:23-24). Mr. Kogan added that:

"I would like to make clear that other than the promises made in this stipulation as an inducement for both parties to enter into this stipulation, both parties waive[,] release and discharge any claims or causes of action, known or unknown, of any kind whatsoever, whether in law or in equity, from the beginning of the world until the end of the world"

(*id.* 22:2-8).

Mr. Kogan further added that:

"each of the parties agrees that they're entering into the stipulation voluntarily and without duress [and that] [i]t should be deemed to have been jointly drafted by the parties. No provision shall be construed or interpreted for or against any of the parties because such provision or any provision of the stipulation as a whole was purportedly prepared or requested by such party. Last but not least both parties agree to execute any additional documents that may be necessary to effectuate the terms of the stipulation and a merger clause"

(*id.* 24:6-18).

This prompted Mr. Miller to add: "That's the agreement. Any discussions we had prior to this agreement were for this purpose only. This is the sum total of the agreement. Any changes to this agreement have to be in writing and fully executed by the parties thereto" (*id.* 24:19-23). Mr. Miller then asked Gelwan to "allocute for himself" (*id.* 25:13-14). This exchange followed:

Mr. Kogan: "We need to be clear that Mr. Gelwan will not assert any further claims under any retainer, any prior agreement, any retainer agreement between the parties and all of the obligations between the parties are reduced to the settlement sum that we've discussed and agreed upon."

Mr. Gelwan: "I think I understand your –"

Mr. Kogan: "I'm open to expressing it another way."

Mr. Gelman: "I take your meaning to be that all the parties agree that any liabilities, known or unknown, contingent, expressed or unexpressed are being compromised in this agreement with respect to all claims over which any party has any control"

653656/2013  GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION
Motion No. 014

Page 4 of 10

[* 4]

(*id.* 25:15- 26:1).

The parties also concurred that their Agreement included "an exchange of general releases but for the obligations set forth in the stipulation" (*id.* 26:2-5). The one concern that Gelwan raised about protecting his rights involved the title to a house Gelwan seized on defendants' behalf, as part of his legal representation:

Mr. Gelman: "I agree with all the terms that you have stated. I am a little bit at a disadvantage not being a real estate lawyer to say what types of protections I might ask with respect to the house such as a commitment not to sell it until after the terms of the payout on this agreement is satisfied. I might ask that although it's not been agreed to."

Mr. Miller: "Can I suggest we keep it simple and agree with the agreement we have."

The Court: "Do you have an interest in the house now?"

Mr. Gelwan: "No but the problem is that after the title was taken to the house, after we seized it, the money – I beg your pardon, the title. I'm not suggesting anything nefarious but the title was taken and put in the name of two overseas defendants and if that asset vanishes for some reason, then I have the word of somebody I don't necessarily mistrust but I have no domestic collateral."

Mr. Miller: "You'd be in no worse position than you're currently in."

Mr. David    "If, for seven years we haven't run away, you can rest assured    Aharoni: we're not going to run away now."

Mr. Miller: "Mr. Gelwan, do you understand – you understood the terms of the agreement?"

Mr. Gelwan: "I did although we have this question that is lingering now. I don't speak Hebrew so I don't know what David has just said, although I gather it's something in the nature of I can trust them, they're not going to run away. I don't mistrust them. That is not what this comment is about but anything can happen."

Mr. Miller: "I will say this, and you make a good point: The defendants agree, your Honor, to the jurisdiction of New York and, moreover, I would say that the defendants agree that for any purpose

**653656/2013 GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION**
Motion No. 014

**Page 5 of 10**

[* 5]

whatsoever they would agree to allow service of process of any action on either Mr. Kogan or myself. That is a lot."

Mr. David Aharoni: I didn't understand what you meant by that. Why is the –"

The Court: "Off the record."
(Discussion held off the record.)

Mr. Miller: "So, there was some off the record discussion. The defendants agree to be bound and to accept service of process in the State of New York by either of the attorneys representing the defendants today. Service upon us through the CPLR Article 3 would be deemed service upon the defendants."

The Court: "Fine."

(*id.* 26:8 – 28:6).

Gelwan filed a proposed order to show cause, in motion sequence number 014 (see NYSCEF Doc Nos. 278 *et seq.*), seeking to enter a proposed consent judgment. In that motion, Gelwan alleged that defendants made their first settlement payment of $10,000 within thirty days of the date of the July 11, 2019 Court hearing, as agreed, but failed to make the second $190,000 payment within 18 months thereafter, that is, by January 11, 2021 (corrected affidavit of Lloyd A. Gelwan, Esq., sworn to May 31, 2023 [Gelwan aff], ¶¶18-19 [NYSCEF Doc No. 279]). Gelwan further alleged that, after several unsuccessful attempts to contact defendants, he sent Boris Kogan, defendants' counsel, an email on February 23, 2021, giving notice of default and a demand for payment of the balance due, in accord with the Settlement Agreement (Default Notice) (Gelwan aff ¶22, and ex 1 [NYSCEF Doc No. 283]). Defendants failed to cure their default within the five-day Default Notice period, but on March 4, 2021 paid $70,000 against the outstanding balance (*id.* ¶23).

653656/2013  GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION
Motion No.  014

Page 6 of 10

6 of 10

[* 6]

In his affidavit in support, however, Gelwan initially claimed that, by virtue of the Settlement Order, he was entitled to entry of a consent judgment in the principal amount of $200,000,[2] plus statutory interest at the legal rate of 9% per annum for the period from the accrual of his claims through May 27, 2023, in the sum of $28,653.07, plus post-judgment interest through the date on which defendants fully satisfy their liability under the consent judgment (Gelwan aff, ¶58).

Gelwan's proposed consent judgment, submitted as NYSCEF Document Number 280, also acknowledged receipt of "a Seventy Thousand Dollar interim payment made by JUDGMENT DEBTORS." Still, Gelwan claims he is due interest at the statutory rate of 9% per annum from January 11, 2021 through May 3, 2023 on the full principal amount of $200,000, in the sum of $27,883.88, for a total of $227,883.88, and only then credited the interim payment(s) of $70,000.00, for a balance purportedly due of $157,883.88.

An "Internal Comment" recorded on the CEF system on May 30, 2023, at 9:46 AM, with respect to NYSCEF Document Number 280, reflects the text of an e-mail sent to Gelwan, informing him of deficiencies in the proposed judgment he had filed and instructing him on the corrections that were needed:

> 280 – JUDGMENT – (PROPOSED) SUBMIT JUDGMENT PER JUDGES DECISION
> The affidavit in support of entry of judgment, refers to the judgment as a consent judgment. Consent judgments must be signed by the Judge before they can be entered by the clerk. To submit a proposed judgment for the Judge to sign, use the document type Judgment To Court (Proposed). A proposed consent judgment should provide a place for the Judge to sign. A money judgment adjudicates the recovery of money. The adjudication paragraph needs to name the judgment creditors and the judgment debtors and provide the physical street address for of both. Care of (c/o) and P.O. boxes are not accepted. Once the consent judgment is signed by the Judge, the part clerk will upload the signed judgment as a Judgment signed by Court to County Clerk. Then the clerk will

---

[2]      Gelwan had asserted that defendants were not entitled to credit for either the $10,000 or $70,000 payments under the Agreement because, as Mr. Miller stated, after default, "[i]f there is no cure within the time allotted, the plaintiff is entitled to enter judgment in the amount of $200,000. The defendants waive any defenses to such a judgment" (Tr. 20:5-8 [NYSCEF Doc No. 275]).

**653656/2013  GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION**                    **Page 7 of 10**
**Motion No. 014**

be able to enter the judgment. Thank you. macorket@nycourts.gov (ReturnRemoveDocument)

On May 31, 2023, Gelwan filed a JUDGMENT -TO COURT (PROPOSED) – *Corrected*, which was listed on the NYSCEF System as Document Number 276. This corrected proposed judgment included a signature block for the Judge to sign and included the full names and physical street addresses for the judgment creditor and judgment debtors, in accordance with the clerk's instructions of the previous day. It also acknowledged receipt of "a Seventy Thousand Dollar interim payment made by JUDGMENT DEBTORS" but first calculated interest Gelwan claims he is due at the statutory rate of 9% per annum from January 11, 2021 through May 27, 2023 on the principal amount of $200,000, in the sum of $28,653.08, for a total of $228,653.08, and only then credited the interim payment of $70,000.00, for a balance purportedly due of $158,653.08.

On June 15, 2023, the Court signed a show cause order with respect to Gelwan's application for entry of a judgment based on the parties' Agreement, to be heard on July 19, 2023.

In opposition, defendants' counsel, Jason M. Baxter, Esq., submitted an affirmation executed on July 13, 2023 (NYSCEF Doc No. 288), taking issue with two parts of Gelwan's proposed consent judgment. First, defendants dispute Gelwan's claim for interest, asserting that the Agreement does not grant Gelwan the right to recover any interest (citing NYSCEF Doc No. 281 [Tr. 19:24-25]). Defendants, however, quote the transcript as stating, "The balance will not accrue interest at any rate," but these lines state that "The balance will not accrue at any interest rate" (*id.*).

Second, defendants assert that Gelwan has neglected to credit their initial payment of $10,000, made prior to their $70,000 in installment payments (*id.* ¶¶3-6). Mr. Baxter concludes that defendants' liability should be only $120,000 and avers that defendants "are willing to pay the balance in full upon confirmation that such payment shall be considered full and final payment of the amounts owed to Plaintiff" (*id.* ¶7).

653656/2013  GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION
Motion No. 014

Page 8 of 10

8 of 10

[* 8]

In reply, Gelwan argues that the $10,000 "good faith" payment, to be made within thirty days of entry of the Settlement Agreement, was, "by design," intended to be forfeited if defendants had not fully paid the remaining balance by January 11, 2021 and, as defendants did default, such payment was forfeited (Gelwan Reply aff, executed July 17, 2023 [NYSCEF Doc No. 289], at ¶6). Gelwan, however, does revise his ad damnum claim on reply, abandoning his initial pursuit of the full $200,000 principal amount:

- "Plaintiff seeks no interest on the principal for the eighteen months before payment was due from July 11, 2019 to January 11, 2021;

- Plaintiff seeks interest only on the $200,000 balance from the January 11, 2021 date defendants were to have paid the $200,000 settlement consideration to the date of their $70,000 payment on March 4, 2021; and

- Plaintiff credits defendants for their March 4, 2021 $70,000 payment, seeking interest only on the $130,000 balance from March 4, 2021 to the date that the defendants satisfy the Settlement [Agreement] and the requested judgment"

(*id.* ¶16).

**Discussion:**

The two issues in dispute are whether the $10,000 payment should be credited to the balance due and owing by defendants and whether defendants owe interest from the date of breach. Gelwan has not demonstrated that the $10,000 payment was intended to be forfeited in the case of defendants' breach, and, accordingly, the $10,000 payment will be credited to the amount owed to Gelwan. Similarly, defendants have not demonstrated that Gelwan intended to waive interest in the event of defendants' breach; the plain reading of the settlement agreement shows that parties intended to waive interest during the 18-month period between the initial $10,000 payment and payment of the remaining $190,000 balance. Gelwan is entitled to enter judgment for the entire $200,000 following defendants'

653656/2013   GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION
Motion No. 014

Page 9 of 10

9 of 10

breach if defendants fail to cure, which entitles Gelwan to interest pursuant to CPLR 5004.[3]  Therefore, the Court is not persuaded by defendants' contention that Gelwan waived all interest on the $200,000 settlement if defendants breached the agreement.

Accordingly, it is hereby

ORDERED that the motion is granted to the extent that the Clerk shall enter judgment in this action in favor of plaintiff Lloyd A. Gelwan and against all defendants in the amount of $120,000 (calculated as $200,000 minus the $10,000 initial payment and minus the $70,000 paid on March 4, 2021) with interest as calculated by the Clerk from March 4, 2021, plus costs and disbursements as calculated by the Clerk.

This constitutes the decision and order of the Court.

| 1/10/2024 | | | | | |
|-----------|---|---|---|---|---|
| DATE | | | | James d'Auguste, J.S.C. | |
| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[3]  In New York, "interest is not a penalty.  Rather, it is simply the cost of having the use of another person's money for a specified period…. It is intended to indemnify successful plaintiffs 'for the nonpayment of what is due to them' and is not meant to punish defendants." *Love v State*, 78 N.Y.2d 540, 544 (1991).

653656/2013   GELWAN, LLOYD A. vs. YOUNI GEMS CORPORATION
Motion No. 014

Page 10 of 10

10 of 10

[* 10]